# McGaugh *v.* Davis

*Petition to Have Proceeds of Land Sale Applied to Purchase of Homestead.*

(Decided April 17, 1907. 43 So. Rep. 745.)

*Homestead; Rights of Wife; Constitutional Provision; Property Subjetc to ·Appropriation.*—Decedent left a widow with no children, and at the time of his death was residing upon a tract of land as his homestead, which he owned in fee in common with another; he also owned half interest in other tracts of land. Held, that while secs. 205, 208, Constitution 1901, grants to the widow the homestead of her husband, in this instance decedent had a homestead capable of allotment, the widow was confined to that as her homestead and could not select another ·out of his other lands or purchase one from the proceeds of the same.

APPEAL from Lowndes Probate Court.
Heard before Hon. J. C. WOOD.

[McGaugh v. Davis.]

Petition by Georgia A. Davis against W. P. McGaugh, guardian, to have part of the proceeds of a sale of land applied to the purchase of a homestead. From a decree granting the relief, defendant appeals. Reversed and rendered.

POWELL & HAMILTON, W. P. McGAUGH, and FOSTER, SAMFORD & CARROLL, for appellant.—The averments that decedent had no homestead exempt to him and had no lands out of which a homestead could be carved are jurisdictional.—Section 2070, Code 1896, as amended by General Acts 1903, p. 150. The probate court being of limited jurisdiction, in the absence of averments of jurisdictional facts, is without authority to grant the decree.—*Cox v. Bridges*, 74 Ala. 553; *Brookes v. Johnson*, 119 Ala. 412. It seems that the petition is the method to apply to section 2093, Code 1896, without showing that a homestead incapable of allotment has been sold in the course of administration, nor that any of the preceding steps to ascertain that fact have been taken.—Article 4, Code 1896; *Chandler v. Douglass*, 87 Ala. 303; *Caffey v. Joseph*, 74 Ala. 271. The decisive question in the case is whether or not co-tenancy of title in the homestead deprives such home-place of its character as a homestead and the authorities answer that question in the negative.—*McQuire v. Van Pelt*, 55 Ala. 359; *Snedicor v. Freeman*, 71 Ala. 140; *Blum v. Carter*, 63 Ala. 235; *Watts v. Gordon*, 65 Ala. 546; *Steiner Bros. v. Berney*, 130 Ala. 289.

HOLLOWAY & BROWN, for appellee.—Petition is filed under the General Acts 1903, p. 150. The homestead right owes its existence wholly to constitutional provision or statutory enactment.—*Thomas v. Thomas*, 45 Miss. 263; *McGuire v. VanPelt*, 55 Ala. 533. That a man cannot have a homestead in land held in co-tenancy with others is upheld by the weight of authority in this country.—*Joyce v. Case*, 12 L. R. A. 519 and note; *Adcock v. Adcock*, 104 Tenn. 155; *Kingsley v. Kingsley*, 39 Cal. 655; *Cameto v. Dupree*, 47 Cal. 79; *Thurston v. Maddox*, 6 Allen 427; *Bemiss v. Driscoll*, 101 Mass.

431; *Amphlet v. Hibard,* 29 Mich. 298; *Ventress v. Collins,* 28 La. Ann. 783; Ib. 608; Ib. 355; *West v. Ward,* 26 Wis. 580.

TYSON, C. J.—The intestate, M. P. Davis, who left surviving him a widow, but no children, resided upon a tract of land comprising about seven acres at or near the town of Ft. Deposit, Lowndes county, in this state, which was at the date of his death his homestead. This tract was owned by him in fee in common with another. He also, at the date of his death, owned an undivided half interest in other tracts of land in said county, aggregating nearly 6,000 acres. His widow, who is the administratrix of his estate, applied for and obtained from the probate court an order of sale for partition or division. The sale was made, but at the date of the institution of this proceeding it had not been confirmed by the court. This proceeding was begun by petition filed by the widow to have set aside to her $2,000 of the purchase money for the purchase of a homestead for her benefit. From the decree granting this relief, this appeal is prosecuted.

The important question presented, and the one decisive of this case, is whether the widow is limited in the assertion of her homestead rights to the tract of land which was her husband's homestead at the time of his death. The constitutional provision granting to the husband an exemption of his homestead, and for that matter of the widow, is the same now as it was in the Constitution of 1868.—Article 14, Const. 1868; sections 205, 208, Const. 1901. The guaranty secured to the widow is that the homestead of her husband shall be exempt to her. It has been uniformly held by this court that, when the homestead of the husband is owned by him in common with another or others, his homestead right attaches to such property, and "the area of the exemption is not enlarged to compensate for defects of title, or fractions of ownership. Such interest, and such only, as the owner has in the given quantity exempted, is reserved for the use of the family; and the owner and his family are permitted to retain and occupy it as it

is, and only as it is."—*McGuire v. Van Pelt*, 55 Ala. 344; *Blum v. Carter*, 63 Ala. 235; *Snedecor v. Freemen*, 71 Ala. 140. Whether these decisions are correct, we at this late day are unwilling to enter upon a discussion. Suffice it to say that the constitutional provision upon which they were based has been twice re-ordained in subsequent Constitutions in substantially the same language. Furthermore, the principle declared in them has been embodied into legislative enactment.—Section 2033 of the Code of 1896. Under these decisions and the statute, it cannot be seriously doubted that the place upon which Davis died was exempt to him as his homestead. Being his homestead at the date of his death, it became and was the homestead of his widow, unless there is some statutory provision which authorizes her to select another out of his lands, or entitles her to the relief granted by the lower court in this case.—Section 2069 of the Code of 1896.

If Davis had owned the tract of land comprising his homestead in severalty, instead of in common with another, it would hardly be contended that his widow would be entitled to the relief here sought, for the obvious reason that there is no statute which entitles her to it; and this is true, although it may have been of value much less than $2,000. And the fact that it was owned in common with another can make no difference, unless, as we have said, there is some statutory provision which provides otherwise. The fact that the other co-owners in the tract may have it sold for division certainly does not alter the case. The constitutional guaranty only protects against a sale of the homestead of the debtor on execution or any other process for debts contracted, and cannot be extended to a sale for partition when the homestead is held in co-tenancy. Nor does the fact that section 2069 of the Code of 1896 secures to the widow the rents and profits of the homestead of her intestate husband authorize us, without more, to so construe it as to violate its plain language. And when the widow is allotted a homestead which is owned in common with another, and it is sold for partition, we do not doubt that her rights may and can be

36 R

preserved by a proper application of the proceeds arising therefrom. So long as it is held in common, she would, of course, be entitled to her share of the rents and profits; and if sold, and the proceeds invested in another for her benefit, she would get the rents and profits arising from it.

Appellee, as securing to her the right here claimed, seems to rely upon sections 2070 of the Code of 1896, as amended (Gen. Acts 1903, p. 150), and 2093. In our opinion, neither of these statutes have any application to the facts of this cause, and therefore do not warrant the granting of the relief here sought. Section 2093 applies where the homestead of the intestate is incapable of allotment by reason of the value being in excess of $2,000 after having been reduced to its lowest possible area. The act amending section 2070 of the Code of 1896, only applies, as its language plainly imports, when "the descendent has no homestead exempt to him from levy and sale under process and has no other real estate out of which an exempt homestead can be carved," etc. Having shown that Davis, the decedent, has a homestead at the date of his death, which was exempt from levy and sale, the case made by the petition is not within the provisions of this act.

The decree appealed from must be reversed, and one will be here rendered dismissing the petition.

Reversed and rendered.

HARALSON, SIMPSON, and DENSON, JJ., concur.