(112 So. 330)

**CHAMBLISS et al. v. DERRICK et al. (8 Div. 916.)**

Supreme Court of Alabama. April 7, 1927.

**1. Homestead ☞151—Widow held entitled to homestead in deceased husband's undivided half interest in land owned by husband as tenant in common.**

Where deceased husband owned undivided half interest in land as tenant in common, and held other half interest of his deceased wife by curtesy, second wife, after husband's death, was entitled to homestead in half interest of deceased husband.

**2. Homestead ☞151 — Widow's homestead right attaches only to such right and title as was owned by husband at time of death.**

Widow's homestead right attached only to such right and title as was owned by her husband at time of his death.

3. **Partition ⬥14—Partition of lands held by tenants in common is matter of right.**

Partition of lands held by tenants in common is matter of right, regardless of inconvenience resulting to joint owners.

4. **Partition ⬥77(3)—Where property cannot be equitably divided in kind, right to sell for division is matter of right.**

Right to sell property for division is conditioned on averment and proof that property cannot be equitably divided in kind, but, when this condition appears, the right to sell for division is matter of right.

5. **Partition ⬥12(3)—Right of partition or sale for division is not defeated because widow of deceased tenant in common has homestead right in his moiety.**

Right of partition either by sale for division or by partition is not defeated because widow or minor children of deceased tenant in common have homestead right in his moiety.

6. **Partition ⬥12(3)—Statute relating to sale or partition of homestead is for protection of widow as against heirs and personal representatives of estate and also children (Code 1923, § 7918).**

Code 1923, § 7918 providing that homestead set apart to widow shall not be sold or partitioned, except by court of equity for reinvestment, is for protection of widow in enjoyment of homestead as against heirs and personal representatives of estate and also against children who have acquired undivided interest in homestead in fee while minors, and, after arrival at age, seek partition or sale for division.

7. **Partition ⬥12(3)—Statute relating to selling or partitioning homestead does not enlarge homestead right as against tenants in common with decedent, strangers to estate (Code 1923, § 7918).**

Code 1923, § 7918, providing that homestead set apart to widow shall not be sold or partitioned except by court of equity for reinvestment, is not intended to enlarge homestead right as against tenants in common with decedent, strangers to his estate.

8. **Partition ⬥12(3)—Widow's homestead will, in equity, in making partition or sale for division, be preserved intact, if it can be done without sacrifice to rights of tenants in common to have partition.**

Widow's homestead right, being favored, one, will, in equity, be preserved to her intact in making partition or sale for division at instance of tenants in common of her deceased husband, if this can be done without sacrifice to rights of tenants in common to have partition.

9. **Partition ⬥12(3)—Where widow's homestead covers undivided half interest in property, and is capable of equitable division into two equal parts, this will be done.**

Where widow's homestead covers undivided half interest in property, and it is capable of equitable division into two equal parts, this will be done, and court then proceed to sell for division portion allotted to complainants and their fellow tenants entitled to share in portion allotted to them.

10. **Partition ⬥55(1)—Bill for sale for division among tenants in common should aver equitable division cannot be had so as to authorize sale of homestead.**

Where property which was held by deceased's husband and others as tenants in common could not be equitably divided so as to protect widow's homestead from sale, then it must all be sold, and her homestead right in proceeds be recognized and protected, but bill for sale for division should aver this state of facts to entitle complainants to sale of entire tract.

11. **Partition ⬥12(3)—In suit to sell land for division among tenants in common, probate court order setting apart homestead to widow of deceased tenant in common could not be set aside.**

In suit to sell lands for division among tenants in common, order of probate court setting apart homestead to widow of deceased tenant in common could not be held for naught, since such proceedings did not affect rights of tenants in common with decedent.

12. **Appeal and error ⬥854(3)—Where decree sustaining demurrer is general, preserves right of amendment, and some grounds are good, decree will not be reversed.**

When decree sustaining demurrer is general, preserves right of amendment, and some grounds are good, the decree will not be reversed.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Bill in equity by J. G. Chambliss and others against Jennie Derrick and others to sell lands for division among tenants in common. From a decree sustaining demurrer to the bill, complainants appeal. Affirmed.

The demurrer contained these, among other, grounds:

"(2) The bill shows that the alleged half interest of W. W. Derrick, deceased, was his homestead, and since his death has been set apart to his widow, Jennie Derrick, and she objects to the sale of the same as prayed for."

"(4) The prayer of the bill asks that the order of the probate court setting apart to said widow the said interest in said land be held for naught, and this court is without authority to make such order or decree."

"(6) The law does not authorize the sale of said homestead of said widow against her consent nor the payment of the money realized from such a sale to her."

"(7) The bill does not allege that said land cannot be equitably divided, one-half to said widow and the other half to the heirs of said Derrick."

Milo Moody, of Scottsboro, for appellants.

Counsel argues for error in the decree and cites, McLeod v. McLeod, 169 Ala. 654, 53

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

So. 834; Mitchell v. Mitchell, 101 Ala. 183, 13 So. 147.

John B. Tally and Proctor & Snodgrass, all of Scottsboro, for appellees.

An undivided interest in land, the homestead of the decedent, is the homestead of the widow, and may be set apart to her, and the same cannot be sold for division against the consent of the widow. McGuire v. Van Pelt, 55 Ala. 344; McGaugh v. Davis, 150 Ala. 558, 43 So. 745; Code 1923, § 7918.

BOULDIN, J. The primary purpose of the bill is a sale of real estate for division among tenants in common. The appeal is from a decree sustaining demurrer to the bill.

W. W. Derrick and Nancy Derrick, his wife, owned the lands, 95 acres in area, as tenants in common, each owning an undivided half interest. After the death of Nancy Derrick, the surviving husband continued in possession of the lands as his homestead, holding the half interest of his deceased wife by curtesy.

Later W. W. Derrick married Jennie Derrick. After the death of W. W. Derrick, and in the course of administration of his estate in the probate court, a homestead in the lands was set apart to Jennie Derrick, the surviving widow. The bill is filed by the heirs of Nancy Derrick, the first wife, part owners of her undivided half interest.

[1, 2] The widow, Jennie Derrick, was and is entitled to a homestead in the half interest of her deceased husband. This she was entitled to have set apart to her as in other cases. Her homestead right attached only to such right and title as was owned by her husband at the time of his death. McGuire v. Van Pelt, 55 Ala. 344; McGaugh v. Davis, 150 Ala. 558, 43 So. 745.

[3-5] Partition of lands held by tenants in common is a matter of right, regardless of the inconvenience resulting to joint owners. The right to sell for division is conditioned upon averment and proof that the property cannot be equitably divided in kind. When this condition appears, the right to sell for division is a matter of right. In other words, the right of partition in one or the other methods provided by law is of right. Joint ownership is not compulsory. Kelly v. Deegan, 111 Ala. 152, 156, 20 So. 378; Wood v. Barnett, 208 Ala. 295, 298, 94 So. 338. The right is not defeated because the widow or minor children of a deceased tenant in common have a homestead right in his moiety.

[6] The provision of Code, § 7918, that the homestead set apart to the widow shall not be sold or partitioned, except by a court of equity for reinvestment, with the consent of the widow in writing, is for the protection of the widow in the enjoyment of her homestead as against heirs and personal representative of the estate, and also against children who have acquired an undivided interest in the homestead in fee while minors, and, after arrival at age, seek partition or sale for division.

[7] Prior to this provision, such child or his vendee could demand partition or sale while the widow yet lived. Faircloth v. Carroll, 137 Ala. 243, 34 So. 182. At the suit of persons interested in the estate there can be no partition of the homestead whether for life or in fee, except under the terms of the statute. Mathews v. Goodenough, 206 Ala. 229, 89 So. 708. But the statute is not intended to enlarge the homestead right as against tenants in common with the decedent, strangers to his estate. As to them, the right of partition still exists. Otherwise, by a succession of the widows' homestead rights in fractional interests, the property might never be partitioned.

[8] The homestead right of the widow is, however, a favored one, and, in making partition or sale for division at the instance of tenants in common of her deceased husband, her homestead will, in equity, be preserved to her intact, the home itself rather than money in lieu of it, if this can be done without sacrifice to the rights of such tenants in common to have partition of the property.

[9] If, as here, the widow's homestead covers an undivided half interest in the property, and it is capable of equitable division into two equal parts, this will be done, and the court then proceed to sell for division the portion allotted to complainants and their fellow tenants entitled to share in the portion allotted to them on such division. McGaugh v. Davis, 150 Ala. 558, 43 So. 745; Clements v. Faulk, 181 Ala. 219, 61 So. 264; Upshaw v. Upshaw, 180 Ala. 204, 60 So. 804; Hollis v. Watkins, 189 Ala. 292, 66 So. 29.

[10] Under the facts disclosed by the bill the right to sell the whole lands is not an unconditional right. If it cannot be equitably divided into two equal parts so as to protect the widow's homestead from sale, then it must be all sold, and her homestead right in the proceeds be recognized and protected. But the bill should aver this state of facts to entitle complainants to a sale of the entire tract.

[11] Ground 7 of the demurrer raising this point was properly sustained. The demurrer going to the phase of the bill seeking to avoid the proceedings setting apart the homestead to the widow was also well sustained. Such proceedings did not affect the rights of tenants in common with decedent, but the rights of the widow, the heirs and personal representatives of the estate of W. W. Derrick, deceased, in his half interest.

But demurrers going to the right of tenants in common with the decedent to have partition in appropriate form were not well taken.

The bill may be amended so as to pray for partition into two parts, and a sale of the Nancy Derrick portion, for division among her heirs, or, in the alternative, may aver such equitable division cannot be had, and thereupon the prayer of the present bill may be granted as to sale of the whole property.

[12] When the decree sustaining a demurrer is general, preserves the right of amendment, and some grounds are good, the decree will not be reversed.

This leads to an affirmance of the decree. Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.