(121 So. 528)

WRIGHT et al. v. FANNIN et al.
(7 Div. 857.)

Supreme Court of Alabama. March 21, 1929.

Rehearing Denied April 18, 1929.

[redacted]

M. M. Smith, of Pell City, for appellants.

[redacted]

Frank B. Embry and W. A. Starnes, both of Pell City, for appellees.

[redacted]

BOULDIN, J. The primary relief sought by the bill is the sale of lands for partition. Complainants assert ownership as surviving children and heirs of J. J. Fannin, deceased.

The case made by pleadings and proof, briefly stated, is this:

J. J. Fannin died in 1908, leaving surviving him a widow, Louvinie Fannin, and the children of a former marriage, Albert, Javis, and Susie, all then of full age.

At the time of his death, J. J. Fannin owned two farms of 100 acres each, one the home where he resided at his death, the other known as the Old Fannin Place or Upper Place. The home place was of the value of probably $2,500, and the other place $1,800 to $2,000. He left a will made shortly before his death, wherein the home place was devised to his widow for life with remainder to his son Albert.

His other property, real and personal, was devised and bequeathed to his widow and three children equally.

[redacted] Soon after his death, the will was propounded for probate by his son Albert, named therein as executor. The probate of the will is not proven. The record alone is the legal evidence of probate. The petition for probate, an acknowledgment of service thereon by the next of kin, and an order setting day for hearing, constitute the sole record produced. No evidence appears of destruction or loss of later records.

No title, therefore, to the home place, the subject-matter of this suit, passed under the will as such, but descended to the children of decedent, subject to the quarantine, dower, and homestead rights of the widow.

But it appears that pending the probate of the will Javis and Susie expressed dissatisfaction with the division of the estate as made by the will, and thereupon the widow and Albert joined in the execution of a quitclaim deed conveying their interest in the Upper Place to Susie and Javis. The grantees took exclusive possession, and later each sold and conveyed his or her half interest therein.

[redacted]

.. The recited consideration in the quitclaim deed was $500, but it is admitted in evidence that same was not paid nor intended to be paid in money. It is clear from the whole evidence that the deed was made in a family settlement, and its real consideration was their surrender of any claim as heirs in the home place. Albert purchased and took a deed to the interest of the widow and continued to reside upon and claim the property as his own until his death in 1926. He also purchased the interests of his brother and sister in the personal estate, each, for $175. In 1914 he sold and conveyed four acres off the home tract to Mr. Hyde, who went into possession and erected improvements thereon of the value of $3,500.

This property passed by mesne conveyances to John Edmondson, made party respondent to the bill. No question was ever raised as to the title to this property or that still held by Albert until after his death in 1926, some 18 years after the death of his father, and 4 years after the death of the widow.

No explanation of the delay after the termination of her life estate is attempted. The suit was brought against Albert's widow a few months after his death.

■ Without further comment, it is clear enough from Susie's testimony that there was a family settlement in which she and her brother took the Upper Place, in consideration that the will should stand devising the home place to Albert·and their stepmother. The fruits of this settlement are still held by complainants. No fraud or inequity in such settlement is alleged or proven.

The law favors family settlements.

By this arrangement Albert acquired a perfect equity in the lands held by him thereunder. This, a court of equity should protect. Betts v. Ward, 196 Ala. 248, 72 So. 110; Burleson v. Mays, 189 Ala. 107, 66 So. 36.

So.the court below decreed.

■ Albert died without issue. His brother and sister are his heirs at law. But the property is now subject to the homestead rights of Albert's widow, Maud Fannin, for her life. Complainants being reversioners, not entitled to present possession of any interest in the body of lands sought to be sold, are not entitled to sale for division pending the life estate of the·widow. Wheat v. Wheat, 190 Ala. 461, 67 So. 417.

The case would be different if the homestead right attached to only an undivided interest. Chambliss v. Derrick, 216 Ala. 49, 112 So. 330.

The will not having been probated, any trust therein charged upon the home place, if it be so construed, for the maintenance of· complainant Susie Wright, could not become effective under the will.

·■ Before her father's death, Susie had separated from her husband and returned to

her father's home with her little girl. He opposed her return to her husband, and expressed his will and desire that Albert provide maintenance for her. This he faithfully performed, making a home for Susie and her daughter, who grew to womanhood in the old family home. After Albert's marriage, Susie, who had done her part in making a home for herself and daughter, soon sought outside employment.

Her testimony is that while she was so employed and still made her home with Albert and his wife, she contributed toward her ·board and other expenses.

Without passing upon the much controverted question as to whether she actually executed a quitclaim deed to Albert as part of the family settlement, we reach the conclusion that there was no breach of duty on the part of her brother, and no foundation for equitable trust or charge upon this home place for her past or future maintenance.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.