(127 So. 154)

Ex parte CADE.

6 Div. 403.

Supreme Court of Alabama.

Jan. 16, 1930.

Rehearing Denied April 3, 1930.

Erle Pettus, of Birmingham, for petitioner.

Edgar Allen, of Birmingham, for respondent.

ANDERSON, C. J.

The only equitable theory upon which the motion to transfer the cause to the equity side of the court is for canceling or vacating the decree of the equity court setting aside and annulling the will of Mary Tibbs Cade, the common source of title. The motion shows that Mary Tibbs Cade owned the land in suit and made a will leaving it to her husband, Pat Cade, from whom the movant purchased the land after the probate of said will in 1912. The plaintiff is the only child of said Mary Tibbs Cade and if her will was invalid he would, of course, inherit the property subject to the marital rights of his father and, with the will out of the way, would be the owner of the property and the defendant has no standing or chance to set up a legal defense to the ejectment suit, so long as the decree nullifying the will stands, and it is within the peculiar province of a court of equity to cancel or vacate said decree upon the ground of collusion and fraud. The motion shows a concoctive and fraudulent scheme on the part of the plaintiff to use the equity court for the fraudulent purpose of setting aside the probate of the will upon the false and perjured testimony that the testatrix was mentally unsound when she made the will, and that the defendant was not a party to the proceedings and had no notice of same.

Ordinarily, false or perjured testimony, during the progress of a trial, is no ground for setting aside a judgment or decree, but where the false matter goes to the ground or right of invoking the power or action of the court then it is a fraud upon the court. Bolen v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 49 A. L. R. 1206; Keenum v. Dodson, 212 Ala. 146, 102 So. 230. If the proceeding to contest the will falsely and fraudulently charged mental incapacity of the testatrix, and which fact was established by false testimony, this would be a fraud upon the court and would entitle the defendant to review said decree and show that the testatrix was not mentally incapacitated when the will was made, and these facts cannot be shown in the action of ejectment.

The trial court did not err in transferring the cause to the equity side of the docket, and the petition for mandamus is denied.

Mandamus denied.

GARDNER, BOULDIN, and FOSTER, JJ., concur.