(132 So. 715)

## LARUE v. LOVEMAN, JOSEPH & LOEB.

### 6 Div. 777.

Supreme Court of Alabama.
Jan. 22, 1931.

Rehearing Denied March 19, 1931.

See, also, 23 Ala. App. 317, 127 So. 240;
220 Ala. 2, 127 So. 241; 220 Ala. 677, 127 So.
243.

Theo. J. Lamar, of Birmingham, for appellant.

Leader & Ullman and Samuel Tenenbaum, all of Birmingham, for appellees.

SAYRE, J.

By his bill in equity complainant, appellant, sought to enjoin the enforcement of a judgment in detinue by which the defendant herein recovered possession of certain articles of household furniture. In that action of detinue the plaintiff, appellee here, proceeded on the theory that it had reserved title in the property when it sold the same to one Mrs. Andrews, who, in turn, sold it to one Silliman who moved it from the residence which had been occupied by the purchaser from appellee to a dwelling which he (Silliman) had rented from appellant. Appellant claimed, and now claims, a lien as landlord superior to the right and title of the original vendor, appellee. Appellant suffered himself to be made a party ·defendant in the action of detinue where judgment went against him. He would now assert a lien superior to the right and title of appellee and complains on this appeal of the judgment of the court of law which denied his claim of superior lien.

█ █ On the facts stated in appellant's bill it may be seriously doubted that appellee's title to the property in question was superior to the lien asserted by appellant. But that doubt, though solved in favor of appellant, can avail him nothing unless and until he is able to show that the judgment of the court in the action at law, the detinue suit for the furniture on which he claims a lien, was concocted 'in fraud of his rights. This he fails to show by the averments of his bill. The reporter will set out the amendment of appellant's bill in this cause, wherein appellant formulates his charge of the fraud by which the judgment in the action of detinue was infected. It will there appear that appellant was deceived and prevented from making a meritorious defense in that action by reason that the contract between appellee and Mrs. C. K. Andrews, the original purchaser from appellee, had been discharged by the death of that purchaser before the time of the trial of the action in detinue, as appellee then knew, and that appellee had failed to inform appellant of that fact and relied upon its lease sale contract with her as a means of defeating the lien then and there claimed by appellant. It is further averred in appellant's bill that appellee, knowing of the· death of the original purchaser of the furniture by which, as the pleader infers and states, the liability of her estate was discharged, delivered the property to Silliman, appellant's tenant, and looked to him for payment. These averments fail to show any fraud on the part of appellee. If they show a failure on the part of appellee to reserve title as against Silliman which would have prevailed in a court of law, in the action of detinue, that defect in appellee's legal title should have been presented to the court in the trial of the action of detinue. Appellee, on the facts averred, had no such relation with appellant as would have imposed upon it the legal, moral, or equitable duty to inform appellant of the death of the original purchaser —assuming for the argument that such information would have made any difference in appellee's defense of that action. Or, if it be conceded that appellant's lien as landlord was superior to appellee's claim of right and title under its agreement with appellant's tenant, still that was a matter of legal title which it devolved upon appellant, not appellee, then and there to show to the court. Appellee was under no duty to make disclosures to appellant of facts as open to the observation of one as the other. Appellee, on the averments of the bill represented, misrepresented nothing; practiced, so far as the bill discloses, no deceit, nor testified falsely in any particular. According to the principles declared by Brickell, C. J., more than fifty years ago,· and reaffirmed on many occasions since then—the cases are cited in Bolden v. Sloss Company, 215 Ala. 334, 110 So. 574, 49 A. L. R. 1206—appellant's bill charges no fraud upon the proof of which a court of equity would be justified in opening the judgment rendered in the action of detinue between appellant and appellee by the court of law in which that action was tried. Waring v. Lewis, 53 Ala. 615.

It follows that the decree dismissing appellant's bill was free from error and must be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.