156 So. 849

## WRIGHT et al. v. FANNIN.
### 7 Div. 232.

Supreme Court of Alabama.
June 21, 1934.

Rehearing Denied Oct. 11, 1934.

G. M. Edmonds, of Birmingham, for appellants.

Frank B. Embry, of Pell City, for appellee.

THOMAS, Justice.

The decree in equity denied the relief sought and dismissed the bill.

The complainants are brother and sister, respectively, of A. S. Fannin, deceased, and the respondent-appellee is his widow.

The pleadings show that in 1926, after the death of J. J. Fannin, the father of complainants, a suit was instituted in equity by these complainants against this respondent (Maud Fannin), the object of which was to ascertain and declare all rights, titles, and interests of the respective parties to the land, the subject of that (and of the instant) suit, and sought its sale for partition among the joint owners. The respondent answered the former bill, asserted absolute ownership of the land in her deceased husband by way of his father's will, controverted the claims, rights, or interests of the complainants, asserted that at all times

complainants-appellants recognized respondent's husband as the sole, true, and lawful owner of the land, recognized all the grantees of said A. S. Fannin, deceased, and permitted them to make valuable improvements.

The court held that complainants were not entitled to the relief under that bill, and the cause was dismissed and complainants taxed with the costs. An appeal was taken, which was affirmed and reported in Wright et al. v. Fannin et al., 219 Ala. 234, 121 So. 528. It was held that there was a failure to establish the probate of the will of J. J. Fannin which contained a devise of the homestead to A. S. Fannin, the husband of appellee, and in the absence of that testamentary devise the land occupied by intestate as a homestead descended to decedent's children, subject to the widow's quarantine, dower, and homestead rights; that the conveyances from decedent's children (who would have been devisees under the will) to the other heirs of J. J. Fannin, pending this effort for probate, were sustained by way of family settlements made between them; and held that these grantees acquired a perfect equity in the land intended to be devised, and that such heirs or remaindermen were not entitled to partition during the life of the life tenant. The affirmance in this court was effective by and from the denial of the rehearing on April 18, 1929.

It is averred in the instant bill, by and between Susie Fannin Wright and J. J. Fannin, Jr., against Maud Fannin and John Edmondson, a subgrantee from A. S. Fannin, that on May 31, 1929, Maud Fannin filed her verified petition in the county where the land was situate, claiming and asking the setting apart to her of homestead exemptions, alleging that she is a resident of St. Clair county, and the widow of A. S. Fannin, who died on or about the 11th day of October, 1926; (1) that at the time of his death said A. S. Fannin was seized and possessed of the lands in that county specifically described; (2) that it is all the real estate owned by said decedent at the time of his death, and was occupied by him at his death as his homestead; (3) that said lands are less in area than 160 acres (96 acres in all), "and in value less than $2,000.00"; (4) that said A. S. Fannin left surviving him his widow, Maud Fannin (petitioner), "and no children"; (5) that there has been no administration on the estate of said A. S. Fannin; (6) that "Susie Wright and Javis Fannin are the only heirs or next of kin, at law surviving. (7) The prayer was for notice, hearing, appointment of commissioners, and the setting apart of said real estate to petitioner as a

homestead, and that she be vested with the absolute title therein. Pursuant thereto, three commissioners were appointed, who qualified and reported that they had "set apart and allotted to said widow * * * the premises occupied as a home of said deceased at the time of his death," specifically describing it; that they further "appraise said premises at the value of sixteen hundred dollars." This report was sworn to and subscribed on June 1, 1929, filed with and indorsed by the judge of probate on the same day.

The decree thereon by and of the judge of probate is of date of July 8, 1929, and recites: "This being the day set for the hearing of the report * * * and it appearing to the satisfaction of the Court that more than thirty days have elapsed since the filing of the report of the commissioners in this matter, and * * * that the next of kin, Susie Wright, who resides in Jefferson County, Alabama, and Javis Fannin, a resident of the State of Mississippi, have had due and legal notice of this proceeding, as appears from certificate showing that notice of the filing of the said report of the commissioners was published for three successive weeks * * * for more than ten days prior to this date; And it further appearing to the satisfaction of the Court that said commissioners acted in fairness and that the homestead exemption allowed is not excessive, and that no exceptions have been filed to said report; And it further appearing * * * that the property set apart by said commissioners * * * was all the property owned by the decedent, A. S. Fannin, at the time of his death, and that it was occupied by him as a homestead at the time of his death, and that it does not exceed in area the exemptions allowed, nor in value the exemptions allowed in such cases, It is therefore ordered, adjudged and decreed by the court that said report be and the same is hereby confirmed, and it is further ordered, adjudged and decreed by the court that the title to said lands shall vest in said widow, Maud Fannin, absolutely."

This proceeding for setting apart the homestead to the widow, where there were no minor children, was under the last statute, section 7948, Code (Williams v. Overcast et al. [Ala. Sup.] 155 So. 543 [1]); and the sufficiency of the proceeding had and judgment rendered setting aside the homestead will be so adjudged.

■ The instant bill is a direct attack (Williams v. Overcast et al., supra) upon the decree rendered in a proceeding in rem. Bed-well et al. v. Dean et al., 222 Ala. 276, 132 So. 20; Jones v. Hubbard, 208 Ala. 269, 94 So. 167; Buchannon v. Buchannon, 220 Ala. 73, 124 So. 113; Nichols et al. v. Dill, 222 Ala. 455, 132 So. 900. It is to be governed by the law of force at the time of the husband's death, as affecting the nature and extent and value of the lands as a homestead. Wiggins v. Mertins, Guardian, 111 Ala. 164, 20 So. 356; Waters et al. v. Gadsden-Ala. C. L. Co. et al., 182 Ala. 284, 62 So. 75; Long et al. v. Brown et al., 206 Ala. 154, 89 So. 614; Quick et al. v. McDonald et al., 214 Ala. 587, 108 So. 529.

The validity of the decree rendered, vesting the title absolutely in the widow, is challenged by the averments of the bill, as to the sufficiency of the widow's petition and averments therein of jurisdictional facts, for the appointing and report of the commissioners on the findings made by them as to such jurisdictional facts of value, as that the same amounted to a fraud on the jurisdiction of the probate court and its decree rendered setting apart the homestead.

What, then, were the jurisdictional facts required to have existed, to be alleged and proven to vest title absolutely? The statute is specific in its requirements, providing, in substance: (1) That the property be owned by decedent at the time of his death, and so occupied; (2) that it does not exceed in amount and value the exemption allowed by law in favor of his widow and minor child or children, or either; (3) that no administration is granted on his estate within 60 days after decedent's death; (4) that the petition indicate whether the land described constitutes all the land of decedent at the time of his death; (5) that the petition set forth the facts, as well as the names, condition, and residence, if known, of the heirs of the decedent, other than the minor child or children of decedent; and (6) that the petition be duly verified and filed in the county in which decedent resided at the time of his death. Section 7948, Code.

■ It is established that res adjudicata applies as well in equity as at law; that the principle, that matters once judicially determined cannot again be called in question by parties or privies, is as binding and controlling in equity as at law. And it was so held as early as Waring v. Lewis et al., 53 Ala. 615, that, "When the jurisdiction of the probate court has attached and become complete, its decree on final settlement of an administration is of equal dignity with the judgment or decree of any other court of law or equity,

and is conclusive on parties and privies, not only as to facts actually litigated and decided, but of all facts necessarily involved in the rendition of the judgment." De Soto Coal Mining & Development Co. v. Hill et al., 188 Ala. 667, 65 So. 988; Evans et al. v. Evans et al., 200 Ala. 329, 331, 76 So. 95, and authorities; Rittenberry et al. v. Wharton, 176 Ala. 391, 58 So. 293.

■ It is also established, as we have heretofore observed, that equity will afford relief against a judgment rendered, "where the jurisdiction of the court of law is acquired by the fraudulent connection of a simulated cause of action, the fraud itself to be consummated through the instrumentality of a court of justice." Bolden et al. v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 110 So. 574, 575, 49 A. L. R. 1206; Lester et al. v. Stroud et al., 212 Ala. 635, 103 So. 692; Danne v. Stroecker, 210 Ala. 483, 98 So. 479; Nichols et al. v. Dill, 222 Ala. 455, 132 So. 900; Quick v. McDonald, 214 Ala. 587, 108 So. 529; Worthington v. Worthington, 218 Ala. 80, 117 So. 645; Kelen v. Brewer, 220 Ala. 175, 124 So. 247; Ex parte Cade, 220 Ala. 666, 127 So. 154; Larue v. Loveman, Joseph & Loeb, 222 Ala. 472, 132 So. 715; Waring v. Lewis et al., 53 Ala. 615.

■ And the recent case of Ex parte Cade, supra, reaffirmed the rule theretofore prevailing, that ordinarily false and perjured testimony during the progress of a trial is no ground for setting aside a judgment or decree; however, if the false matter goes to the ground or right of invoking the power of action of the court, then it is a vitiating fraud upon the court. Keenum et al. v. Dodson et al., 212 Ala. 146, 102 So. 230.

■ If, however, the proceedings to set apart this homestead falsely and fraudulently averred the jurisdictional facts, and so brought about and proved the same a fraud upon the court, there would exist, and likewise afford one in adverse interest, the right to review the findings on due proceedings in equity. If such a fraud is established, the decree so rendered will be declared null and void. Lester et al. v. Stroud et al., supra; Keenum et al. v. Dodson et al., supra.

The grounds of fraud on which this bill is rested challenge, by the amended bill, the assumption and exercise of jurisdiction by the probate court, for the reason that it is averred in the petition for setting apart the homestead that the value of the land was less than $2,000, when in fact it was in excess thereof; that in procuring the appointment of partisan, interested, or biased commissioners,

there was failure to aver the residence or nonresidence of respondent, and lack of due notice (Lester et al. v. Stroud et al., 212 Ala. 635, 103 So. 692; Keenum et al. v. Dodson et al., 212 Ala. 146, 102 So. 230; Nichols et al. v. Dill, 222 Ala. 455, 132 So. 900; Quick v. McDonald, 214 Ala. 587, 108 So. 529); that the petition did not allege "that no administration is (was) granted on the estate of decedent within sixty days after his death."

It is further charged in the bill as last amended, as against the legality of the petition and decree for homestead, that the lack of the right of homestead vesting the title absolutely in the widow was dependent upon the value of that property not exceeding $2,000 at the time of the death of decedent husband, and that this question of fact was determined adversely to petitioner in the decision in Wright et al. v. Fannin et al., 219 Ala. 234, 121 So. 528, and thus she was estopped by that former adjudication which bound the parties and privies alike. Clark et al. v. Whitfield et al., 213 Ala. 441, 105 So. 200; Crowson v. Cody, 215 Ala. 150, 110 So. 46.

In the last respects the amended bill avers: "That said orators took an appeal in said cause to the Supreme Court of Alabama, and on to-wit, the 21st day of March, 1929, a decree was rendered by said Supreme Court in said cause, to-wit; that your orators were the heirs at law of A. S. Fannin and were entitled to the reversionary interest in the land described in the second paragraph of this bill as aforesaid and that Maud Fannin, the defendant thereto, was the widow of said Albert Fannin and that said property as aforesaid described in paragraph second of this Bill was and is now subject to the homestead rights of the said Maud Fannin for her life and that said real estate as aforesaid was of the value of more than $2,000.00 and of the probable value of $2,500.00. Reference is here made to said decision of the Supreme Court of Alabama in 121 Southern Reporter at page 528 (219 Ala. 234); that a rehearing was denied in said cause on the 18th day of April, 1929, by said Supreme Court. Complainants aver that they and the defendant in this suit were parties to said suit as aforesaid decided by the Supreme Court of Alabama, and that the same subject matter was involved in the cause before the Supreme Court as aforesaid as is here involved in this cause. Orators further aver that the said valuation of the said land, in said suit in equity appealed to Supreme Court of Alabama, was fixed by the evidence of witnesses for the said Maud Fannin, among whom was

W. A. Starnes who testified that said land was worth $2500.00, the said W. A. Starnes being ·of counsel for the said Maud Fannin in said proceeding."

█ It is established that "A party who has, with knowledge of the facts, assumed a particular position in judicial proceedings, is estopped .to assume a position inconsistent therewith to the prejudice of the adverse party" (16 Cyc. 796; Taylor et al. v. Crook, Adm'r, et al., 136 Ala. 354, 356, 34 So. 905, 96 Am. St. Rep. 26; Hodges v. Winston, 95 Ala. 514, 11 So. 200, 36 Am. St. Rep. 241; Boyett v. Standard Chemical & Oil Co., 146 Ala. 554, 41 So. 756; Brown v. French, 159 Ala. 645, 49 So. 255; Mobile Towing & Wrecking Co. v. Hartwell, 208 Ala. 420, 95 ·So. 191); that having maintained a defense by a representation he cannot contradict that representation in another aspect at law or in equity (Hodges v. Winston, supra; Luling v. Sheppard, 112 Ala. 588, 21 So. 352); ·or obtains or defeats a judgment in one aspect is estopped from asserting another in a suit founded upon the same matter (Todd et al. v. Interstate Mortgage & Bond Co., 196 Ala. 169, 71 So. 661; Huntsville Belt Line & Monte Sano Railway Co. v. Corpening & Co 97 Ala. 681, 12 So. 295); or defends judicial proceedings on a state of facts may not deny or disprove the same in defense of another proceeding. Authorities, supra; 34 L. R. A. (N. S.) 316; 5 A. L. R. 1506; Estes Lumber Co. v. Investors' Syndicate et al., 223 Ala. 408, 137 So. 31; Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944; Robb v. Vos, 155 U. S. 13, 15 S. Ct. 4, 39 L. Ed. 52; Smith v. Boston Elevated Railway Company (C. C. A.) 184 F. 387, 37 L. R. A. (N. S.) 429.

██ We have examined the pleadings and proof on which the trial court acted, and are of opinion, and so hold, that there was no vitiating fraud in the proceeding for setting apart the homestead to the widow of A. S. · Fannin, deceased, and that the matter was not so adjudicated on former appeal as to prevent the procurement and rendition of the decree setting apart the homestead of Albert's widow absolutely.

It is therefore unnecessary to pass upon the effect of the overruling of the motion for rehearing in the probate court.

The decree of the trial court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

On Rehearing.

THOMAS, Justice.

It is conceded, and such is the fact, that Susie Fannin Wright is bound by the decree of date of October 25, 1929, declining to set aside the order confirming the report of the commissioners setting apart the homestead to the widow, Maud Fannin. Appellant Wright testified on this hearing of the lack of notice to her of proceedings to set apart that homestead, and that she moved for vacation on having the knowledge thereof. Failing in this effort she did not appeal or seek further to protect her interest in the land, if such she had. She did not testify that her brother (coappellant) had no notice; nor did he testify that he did not appear by counsel on the proceedings to vacate that order or decree: the court's order reciting his appearance or representation.

. It is true the petition in her name for setting aside the decree of confirmation of the report of the commissioners setting apart the homestead was verified by Mrs. Wright, alleged the.lack of notice to her, and recited the nonresidence of her brother, J. J. Fannin.

This bill shows they had theretofore made the joint effort for sale of the land for partition between the same parties as joint tenants, and that they failed in this effort after appeal to this court (Wright et al. v. Fannin et al., 219 Ala. 234, 121 So. 528); that immediately after the affirmance of that case, between the same parties and affecting the same land, the proceedings for homestead were had by the former respondent and appellee in that case, with the result that statutory proceedings being complied with after notice, as recited in that decree, the homestead was set apart to Mrs. Maud Fannin, vesting the absolute title in her. It is recited, among other things, in that decree:

"This being the day set for the hearing of the report of R. H. Long, J. E. Starnes and J. T. Vandergrift, Commissioners heretofore appointed by this Court to set apart homestead exemptions to Maud Fannin, widow of A. S. Fannin, deceased, and it appearing to the satisfaction of the Court that more than thirty days have elapsed since the filing of the report of the Commissioners in this matter, and it further appearing to the Court that the next .of kin, Susie Wright, who resides in Jefferson County, Alabama, and Javis Fannin, a resident of the State of Mississippi, have had due and legal notice of this proceedings, as appears from certificate showing that notice of the filing of the said report

of the commissioners, was published for three successive weeks in the Pell City News, a newspaper published at Pell City, St. Clair County, Alabama, for more than ten days prior to this date.

"And it further appearing to the satisfaction of the Court that said commissioners acted in fairness and that the homestead exemption allowed is not excessive, and that no exceptions have been filed to said report."

It is alleged by respondent in her answer and cross-bill:

"Respondent further shows that on to-wit: September 18, 1929, the complainants in this cause filed in the probate court of said county a petition to set aside the order of said court confirming the report of the commissioners setting apart exemptions to respondent which petition was set down for hearing and that on to-wit: October 25, 1929, after hearing proof offered in support of said petition, the motion and petition were overruled; that the averments in said petition were and are identical with the averments and charges in the Bill of Complaint and amendments in this cause, the basis of which the complainants seek a decree against this respondent; that upon a hearing of said petition and motion in said probate court, a large number of witnesses, to-wit: nineteen, testified in support of and against the averments in said petition.

"A copy of said motion and petition together with the orders thereon are hereto attached and asked to be made a part hereof. .

"Respondent for further answer says: that the issues, allegations and averments as set out in the original Bill of Complaint and the amendments thereto and each paragraph thereof in same, separately and severally have been adjudicated by a court of competent jurisdiction, to-wit: the probate court of St. Clair County, Alabama, and that the same decided in favor of the respondent by the decree of said court.

"By way of cross bill the respondent would further show to the court that the matters set up in the original Bill of Complaint and amendments thereto by complainants having heretofore been adjudicated by a court of competent jurisdiction, to-wit: the probate court of St. Clair County, Alabama, in favor of the respondent in which court the complainants appeared in person and by attorneys and subjected themselves to the jurisdiction of said court, subjected themselves and invoked jurisdiction of said court, and are thereby bound by a decree and order of said court and respondent prays that the proceedings in said probate court of St. Clair County be by a decree of this court in all things confirmed."

To this complainants answered, saying "that they were not made parties or given notice as required by law of the filing of the petition in the probate court of said county as aforesaid by the said Maud Fannin, or of the report of the commissioners or appraisers, or of the order confirming same, entered by said court on the 8th day of July, 1929, and no knowledge or information of same for more than twenty days after said date as last aforesaid. That said proceedings were null and void."

This record recites that in the effort to review and set aside the decree of confirmation, "This case being called upon motion of J. L. Drennen, Atty. for Javis Fannin and Susie Fannin * * * was continued until October 18, 1929"; that "This case coming up to be heard on the 18th day of October, 1929, the same was continued until the 25th day of October, 1929," and "This cause coming on to be heard before me on this date, and after hearing the testimony and proof offered by both parties, and after having duly considered the same, motion is overruled and denied. This October 25th, 1929, C. D. Adkins, Judge of Probate."

There is no evidence here that indicates by whom the proof was offered, as is alleged in the judge's order as being offered by both parties, or of the nature and extent of that proof on which the court acted, binding the parties on that hearing.

 Thus the equivocal fact or facts under this record and the pleadings on that rehearing—the recitals of the court in the original decree setting aside the homestead and in the decree and order on the rehearing to vacate the former order, of due notice and of appearance and representation by counsel on the hearing—are presented under the rule of Alford v. Claborne, post, p. 401, 157 So. 226; Whitaker v. Kennamer, ante, p. 80, 155 So. 855.

We have indicated that Javis J. Fannin did not testify (so far as the record discloses) that he had no knowledge or notice of the proceeding to decree of setting aside the homestead, or that he was not a party to, nor did he appear or testify, or was not represented on the hearing as the court recites. The sister, Susie Fannin Wright, as a witness here, is silent on these important questions of fact, and recitals in the court's order may be looked to for the fact of notice; she only testifying of her lack of notice or knowledge of the pend-

ency of the original proceedings, as we have indicated.

The petition for homestead by the widow contained all the jurisdictional facts. Williams v. Overcast et al., 229 Ala. 119, 155 So. 543; Alford v. Claborne, supra. In the last-cited authority, Mr. Justice Gardner observed where there is ambiguity within the rule the other pleadings, including the recitals in the decree, may be looked to in a proper interpretation and construction of the pleadings and issue tried and concluded by the hearing.

In this state of the record, the lack of or unsatisfactory condition of the evidence tending to impeach or contradict the solemn recitals of the court in the decree and order, and the failure of evidence that fraud intervened and entered into the rendition of the decree and order in question, we find no denial of the right of due process in the premises.

The application for rehearing is denied as to both appellants assigning errors.

Application overruled.

GARDNER, BOULDIN, and FOSTER, JJ., concur.