PER CURIAM.
This case involves a dispute over 60 acres of land in Lowndes County. The plaintiffs, Mingo and Teresa Bracy, filed an action to quiet title to the 60 acres, which is described as follows:
NE ¼ of the NE Vi of Section 2, Township 14 North, Range 15 East, and South ½ of the Southwest ¼ of the Southeast ¼ Section 35, Township 15 North, Range 15 East. Further known as the old Henry Bracy place.
They allege that they own the property due to statutory adverse possession pursuant to § 6-5-200, Code of Alabama (1975), or due to adverse possession by prescription. The defendants, Frank D. Scott, Jr., and Mary Scott Cobb, argue that they are the record holders of the 60 acres in question and that they have been paying the taxes on the property. They acknowledge that Mingo and Teresa Bracy have lived on the property; however, they claim that the Bracys’ residence on the property has been permissive. Following a jury trial, a verdict was rendered for the Bracys. The trial court entered a judgment in accordance with that verdict and denied the Scotts’ motion for judgment notwithstanding the verdict. We reverse.
In Alabama there are basically two types of adverse possession, these two types being statutory adverse possession and adverse possession by prescription. Adverse possession by prescription requires actual, exclusive, open, notorious and hostile possession under a claim of right for a period of twenty years. See, Fitts v. Alexander, 277 Ala. 372, 170 So.2d 808 (1965). Statutory adverse possession requires the same elements, but the statute provides further that if the adverse possessor holds under color of title, has paid taxes for ten years, or derives his title by descent cast or devise from a possessor, he may acquire title in ten years, as opposed to the twenty years required for adverse possession by prescription. Code 1975, § 6-5-200. See Long v. Ladd, 273 Ala. 410, 142 So.2d 660 (1962).
Kerlin v. Tensaw Land & Timber Co., 390 So.2d 616, 618 (Ala.1980). The Bracys concede that they have not been paying taxes on the property and do not have a recorded deed or other color of title. However, they claim to “derive title by descent cast.” § 6-5-200(a)(3), Code of Alabama (1975). “Descent cast”
“means simply that when one dies in possession of land and possession is continued by his heirs, the possession of the heirs corresponds to the holding of possession under color of title although the ancestor had no color of title. White v. Williams, 260 Ala. 182, 69 So.2d 847 [1954]; Jones v. Mitchell, 258 Ala. 651, 64 So.2d 816 [1953]; Childs v. Floyd, 194 Ala. 651, 70 So. 121 [1915]; Childs v. Floyd, 188 Ala. 556, 66 So. 473 [1914]; Jordan v. Smith, 185 Ala. 591, 64 So. 317 [1914]; 1 Am.Jur., Adverse Possession, § 195, p. 901; 2 C.J.S., Adverse Possession, § 79b., p. 623; 2 C.J., Adverse Possession, § 399, p. 198. See Blackstone’s Commentaries, Book 3, Chap. 10, pp. 176-178.”
Parrish v. Davis, 265 Ala. 522, 525, 92 So.2d 897, 900 (1957). The evidence is undisputed that in 1930 Nelson Bracy, Mingo Bracy’s father, conveyed by warranty deed the property in question to W.L.C. Haigler, the grandfather of Frank D. Scott, Jr., and Mary Scott Cobb. The evidence is also uncontroverted that following the conveyance, Nelson Bracy and his wife continued to live on the property and that following the death of Nelson Bracy, Mingo and Teresa Bracy continued in possession thereof. Therefore, Mingo and Teresa Bra-cy’s possession corresponds to “the holding of possession under color of title,” id., and meets the requirement of deriving title by descent cast.
While the evidence indicates that Nelson Bracy was allowed to continue in possession of the property following his conveyance to Mr. Haigler, without some hostile act on his part Nelson’s possession could only have been deemed to be permissive.
*801 “It is the well-settled rule that by the execution and delivery of a deed the entire interests [sic] vests in the grantee, and, if the grantor continues in possession afterward, his possession will be that either of tenant or trustee of the grantee. He will be regarded as holding the premises in subserviency to the grantee, and nothing short of an explicit disclaimer of such relation and a notorious assertion of right in himself will be sufficient to change the character of his possession and render it adverse to the grantee.”
Brown v. Brown, 361 So.2d 1038, 1040 (Ala.1978), quoting Walker v. Coley, 264 Ala. 492, 88 So.2d 868 (1956). As Nelson’s heir, Mingo has possession “no better ... than that of [his] ancestor.” Parrish, supra 92 So.2d at 900. Therefore, Mingo’s possession of the property began as either a “tenant or trustee of the grantee [Hai-gler]” and absent “a notorious assertion of right” on Mingo’s part, Mingo’s claim could not and would not support a claim of adverse possession.
We do not dispute the fact that the Bra-cys had actual and exclusive possession of the property. The defendants never tried to remove them and had, in fact, rented the 60-acre tract, as well as some of the surrounding land, to Mr. L.D. Fitzpatrick. Although Mr. Fitzpatrick paid rent on the property in question, he, likewise, never attempted to oust the Bracys from possession. We note, however, that the evidence indicates that Mingo Bracy, on a number of occasions, requested that the defendants sell or give him at least a portion of the 60 acres. Even his wife overheard him in 1980 talking about “clearing the debt off of his father’s land and redeeming the property.” This testimony was never disputed at trial. See Machen v. Wilder, 283 Ala. 205, 210, 215 So.2d 282, 286-87 (1968) (the appel-lee did not refute the appellant’s testimony that appellee’s use of a driveway was with his permission and that the two had had discussions regarding that fact).
Although efforts to obtain deeds from other claimants to property do not disprove the adverseness of a possession, Foster v. Foster, 267 Ala. 90, 100 So.2d 19 (1958); Bailey v. Bond, 237 Ala. 59, 185 So. 411 (1938), efforts to buy the property from the record owner constitute acknowledgment of his superior title, and thus do disprove the adverseness, since there is then no claim of right. Kittrell v. Scarborough, 287 Ala.155, 249 So.2d 814 (1971).
Kerlin v. Tensaw Land & Timber Co., 390 So.2d 616, 619 (Ala.1980). It was the Bra-cys’ burden to prove adverse possession. They failed to carry that burden and, because the jury held in favor of the Bracys, the trial judge should have granted the defendants’ motion for j.mo.v. The judgment of the trial court is, therefore, reversed and judgment is rendered for the defendants.
REVERSED AND JUDGMENT RENDERED.
TORBERT, C.J., and JONES, SHORES, ADAMS and STEAGALL, JJ., concur.