ALMON, Justice.
Mingo and Teresa Bracy appeal from a summary judgment against them and in favor of the plaintiffs, Frank D. Scott, Jr., and his sister, Mary B. Scott Cobb (hereinafter referred to collectively as “the Scotts”) in this action brought by the Scotts to evict the Bracys from a 60-acre parcel of land owned by the Scotts. These parties have previously been before this court in Scott v. Bracy, 530 So.2d 799 (Ala.1988), an action that also involved the ownership of this same parcel of property.
In Scott, supra, the Bracys alleged that they owned this property by statutory adverse possession or by adverse possession by prescription. The Bracys’ allegations were based on their claim that they had derived title by descent cast. Id., at 800. In claiming to derive title by descent cast in the prior action, the Bracys took the position that “there is no dispute among the parties that Nelson Bracy, the plaintiff Mingo Bracy’s father, owned this property in fee simple prior to 1928.” This Court held that the Bracys’ possession of the disputed property was permissive rather than adverse. In its opinion, this Court recognized that “[t]he evidence is undisputed that in 1930 Nelson Bracy, Mingo Bra-cy’s father, conveyed by warranty deed the property in question to W. L. C. Haigler, the grandfather of [the Scotts].” Id.
The Bracys defended this action for eviction by asserting an interest in the disputed property through inheritance from Henry Bracy, who was Nelson Bracy’s father and Mingo Bracy’s grandfather. In this action, the Bracys allege that Henry Bracy owned this parcel of property and that, upon Henry Bracy’s death, the property passed through intestate succession to the heirs of Henry Bracy. Thus, the Bracys’ position in this action is that Nelson, as an heir of Henry, owned only a fractional interest in the land along with Henry’s other heirs.
The Scotts contend that the Bracys are estopped from asserting that Nelson owned only a fractional interest in the disputed property because of the position they took in Scott, supra. We agree.
“The law is settled in Alabama that a party who has, with knowledge of the facts, assumed a particular position in a judicial proceeding is estopped from assuming a position inconsistent to the first one to the prejudice of an adverse party. Brown v. Terry, 375 So.2d 457 (Ala.1979); United Security Life Insurance Co. v. Birmingham Trust National Bank, 282 Ala. 295, 211 So.2d 139 (1968); Maner v. Maner, 279 Ala. 652, 189 So.2d 336 (1966); Watt v. Lee, 238 Ala. 451, 191 So. 628 (1939); Bromberg v. First Nat. Bank of Mobile, 235 Ala. 226, 178 So. 48 (1937); Wright v. Fannin, 229 Ala. 278, 156 So. 849 (1934); Brown v. French, 159 Ala. 645, 49 So. 255 (1909). Likewise, a party who, for the purpose of maintaining a cause or defense, has deliberately represented a fact or claim in one aspect, cannot be permitted to contradict his own representation by giving the same thing another aspect. Watt v. Lee, 238 Ala. 451, 191 So. 628 (1930); Bromberg v. First Nat. Bank of Mobile, 235 Ala. 226, 178 So. 48 (1937); Wright v. Fannin, 229 Ala. 278, 156 So. 849 (1934).”
Russell v. Russell, 404 So.2d 662, 665 (Ala.1981). Because the Bracys took the position in Scott that Nelson Bracy owned this property in fee simple, they are now es-topped from asserting in this action that Nelson owned only a fractional interest as a cotenant along with the other heirs of Henry Bracy.
We also note that, although the Bra-cys have alleged that Henry Bracy acquired this property by deed and that this property then passed to the heirs of Henry Bracy through intestate succession, the record before us contains no deed conveying the disputed property to Henry Bracy. Therefore, we cannot hold that this property was part of Henry Bracy’s estate that passed to his heirs upon his death.
Consequently, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.