(89 South. 171)

**BLANKENBECK et al. v. FOSTER.**
(1 Div. 153.)

(Supreme Court of Alabama. April 21, 1921. Rehearing Denied May 19, 1921.)

1. **Executors and administrators** ⟐174—Exemption laws liberally construed in favor of widows and minor children.

Exemption laws are liberally construed in favor of widows and minor children.

2. **Executors and administrators** ⟐175—"Use and benefits" of exempt property includes natural produce and increase of domestic animals.

Under Code 1907, § 4203, providing that before grant of administration and before the exempt property is set apart, the right of the widow and minor children to the use and benefit of such property shall be the same as if it had been set apart as exempt, the "use and benefits" of domestic animals includes their natural produce and increase.

3. **Executors and administrators** ⟐195—Widow's use of exempt property relates back to decedent's death.

Under Code 1907, § 4203, providing that before grant of administration and before the exempt property is set apart, the right of the widow and minor children to the use and benefit thereof shall be the same as if it had been set apart as exempt, the beneficial effect of ownership through formal selection and allotment relates back to the death of the owner of the estate.

4. **Executors and administrators** ⟐173—Widow's exemption not dependent on existence of administration.

The widow's right to the statutory exemption of personal property is not dependent on the existence of an administration; her necessities sometimes requiring that a selection be made and the property used before an administration can be granted.

5. **Executors and administrators** ⟐191—Validity of selection of exempt property before granting of administration depends on value of property selected.

A selection of exempt property by a widow or the guardian of minor children, before or after a grant of administration, depends for

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

its validity and sufficiency to pass title on the value of the property selected.

**6. Executors and administrators** ⟨⟩193—**Widow's sale of domestic animals and produce satisfies claim to exempt property to such extent, though no formal selection made.**

Under Code 1907, § 4203, providing that the use and benefit of exempt property by the widow and minor children before grant of administration and before it is set apart shall be the same as if it had been set apart, a widow who sells domestic animals and the produce thereof must be regarded as having selected and claimed them as a part of her exemption and to have satisfied and foreclosed her claim to that extent, though she made no formal selection of or claim to any particular animals as exempt property, and the appraisers must include in their allotment the items of property already appropriated by her; such procedure not being the interposition of a set-off against the claim of exemption, but merely the recognition of a selection already made.

**7. Executors and administrators** ⟨⟩193—**Statute requiring estimate of exempt property at appraised value does not require appraisal as of time of decedent's death.**

Code 1907, § 4206, requiring the appraisers of an estate to estimate the exempt property selected by the widow at its appraised value, authorizes a valuation as of the date of the appraisal, and does not require an appraisal of the value at the time of the decedent's death or at any intermediate time.

**8. Executors and administrators** ⟨⟩199—**Probate court may correct excessive or insufficient allotments.**

Under Code 1907, § 4213, the probate court has full power to make all necessary corrections and adjustments with respect to excessive or insufficient allotments of exempt property to widows and minor children of decedents.

Appeal from Probate Court, Baldwin County; James M. Boltz, Judge.

Report of commissioners appointed to set apart and allot to widow and minor children of decedent, W. C. Foster, the specific exemptions of personal property allowed by law, contested by C. C. Foster, as administrator of the decedent's estate, and others. From an order and judgment disallowing the exemptions, Ellie Foster Blankenbeck and others appeal. Reversed and remanded.

The record shows the following: The decedent, W. C. Foster, died in September, 1916, and letters of administration were taken out by C. C. Foster, an adult son of decedent, in August, 1919. The inventory of the estate returned forthwith by the administrator shows that the decedent's estate consisted of 83 head of cattle, 200 head of sheep, and 15 head of hogs, and that the widow sold wool clipped from the sheep in the years 1916, 1917, and 1918 for $1,077, and that she sold, in 1919, 5 steers for $200 and received the proceeds thereof, and also re-

ceived $75 for 3 head of cattle killed by the railroad. A supplementary inventory report shows also a horse, wagon, and buggy, 2 cows, 7 head of cattle, and 12 sheep sold by the widow to various persons in the years 1916, 1917, and 1918. The items thus inventoried were valued by the appraisers in August, 1919, as follows: 83 head of cattle, $1,535; 200 head of sheep, $900; 15 hogs, $45; horse, wagon, and buggy, $120; 5 steers, $200; cattle killed by railroad, $75; 2 cows, $45; 7 cattle, $140; 12 sheep, $48.50; wool sold, $1,077—making a total of $4,184.-70. The inventory and appraisement were ordered filed, and on December 5, 1919, commissioners were appointed to set apart and allot to the widow and minor children the specific exemptions allowed by law and also $1,000 personal property to be collected by the widow. These commissioners were the identical persons who served as appraisers of the estate. There was no controversy as to the specific exemptions or homestead allotted. As general exemptions of personalty, the commissioners set apart on January 5, 1920, 188 head of stock sheep, valued at $470; 28 cows, valued at $518; 1 steer, valued at $12—making a total of $1,000. The commissioners' report showed that the items thus set apart were selected by the widow and were allotted to her and said children. The action of the commissioners was contested by the administrator and others. On the hearing it appeared that the widow had sold and received the proceeds of the wool, the cattle, and the sheep, as shown above, and trial court found that the widow had already received more than $1,000 from the general personalty of the estate, and ordered and decreed that the statutory exemptions were thereby satisfied, and disallowed the exemptions of $1,000 as allotted by the commissioners.

Charles Hall, of Bay Minette, and Gordon & Edington, of Mobile, for appellants.

The probate court was without jurisdiction to hear and determine the matter set up in the exception. Sections 4200 and 4203, Code 1907; 13 Ala. 529; 53 Ala. 135; 111 Ala. 169, 20 South. 356. A surviving widow's claim of exemptions takes effect at the death of the husband. 76 Ala. 548; 199 Ala. 144, 74 South. 42. On these authorities counsel based the further argument that the property set apart was the identical property owned by the husband at the time of his death, and that the increase and proceeds thereof belonged of right to the widow and minor children, and could not be charged as their statutory exemptions.

W. S. Anderson, of Bay Minette, for appellee.

The law in this case is covered by sections 4199, 4200, 4203, 4506, and 76 Ala. 548; 73

---

Ala. 542; 111 Ala. 164, 20 South. 356; 117 Ala. 432, 23 South. 521; all of which sustain the court in the finding that the widow and minor children had received their full exemptions of personal property.

SOMERVILLE, J. Section 4203 of the Code provides that—

"Before grant of administration, and before the exempt property is set apart, the right of the widow and minor child or children, or either, to the use and benefit of such property, shall be the same as if it had been set apart as exempt."

[1-3] Exemption laws are liberally construed in favor of widows and minor children. Chandler v. Chandler, 87 Ala. 300, 6 South. 153. So construing the provision quoted, it must be held that the "use and benefits" of domestic animals, within the scope of the statutory exemption of $1,000 of personal property, includes their natural produce and increase. There is no other way to use them, or to derive benefits from keeping them, in the case of sheep and cattle; and very clearly the statute intended that the beneficial effect of ownership through formal selection and allotment should relate back to the death of the owner of the estate.

[4] "The right to the exemption is not dependent upon the existence of an administration. The purpose of making it is the maintenance of the widow and minor children, a purpose which could not often be accomplished, if the right was dependent upon the existence of an administration. The necessities of the widow and children will sometimes require, in order that they be maintained, that a selection of property be made, and the property used, before there can be administration granted."—Mitcham v. Moore, 73 Ala. 542.

[5] In that case it is also said that—

"A selection before a grant of administration, made by the widow, or by the guardian of the minor children, like a selection made subsequent to the grant, depends for validity, and for its sufficiency to pass title, upon the value of the property selected."

[6] In the instant case it does not appear that the widow made any formal selection of or claim to any particular animals, as the exempted portion of her husband's estate, yet, inasmuch as she used the sheep as such, by selling and appropriating the proceeds of their wool, and by selling also some individuals of the flock, and that she used some 17 head of cattle, cows and steers, as such, by selling them and appropriating their proceeds, or collecting and appropriating the damages for their wrongful killing by another, it must, we think, be intended that she selected and claimed those animals as a part of her exemption, and to that extent has satisfied and foreclosed her claim.

The exemption allowed by the statute cannot be duplicated in whole or in part; and if, in anticipation of its formal claim or allotment, the claimant has by informal selection or appropriation had the benefit of the exemption allowed by law, the appraisers must take notice of that fact and include in their allotment, as a part thereof, or as the whole, as the case may be, the items of property already appropriated in that behalf by the claimant. Such a procedure is not the interposition of a set-off against the claim of exemption, but is merely the recognition of a selection already made. This practice is certainly equitable, and is in harmony with the spirit as well as the letter of the statute. We find no precedent from a court of last resort, but the practice was held proper, at nisi prius, in the case of In re Rierdon, 5 Ohio N. P. 516, cited in 18 Cyc. 398, note 32.

[7] The statute requires the appraisers to estimate the property selected "at its appraised value." Code, § 4206. This authorizes a valuation as of the date of the appraisal, and does not require an appraisal based upon the value at the time of decedent's death, or at any intermediate time. There is nothing in the evidence to show that the valuation returned by the appraisers, as of the date of their appraisal, was substantially insufficient or erroneous.

[8] It is apparent that the trial court has charged the widow with the value of the wool sold from the sheep, and has erroneously denied the right of exemption in toto. It is also apparent that the appraisers failed to take into account the fact that the widow had previously converted and appropriated the proceeds of some 17 head of cattle, aggregating about $460, which, with the flock of sheep, would, as valued, leave only about $70 for additional exemptions.

The probate court has full power under section 4213 of the Code to make all necessary corrections and adjustments with respect to excessive or insufficient allotments, and, reversing the decree appealed from, we will remand the cause for further proceedings in accordance with the principles above announced.

If, as now seems necessary, the allotment must be corrected by striking off some of its items, after adding to it the items to be charged as for previous selection and appropriation, the court will allow the widow, so far as practicable, to select and renounce the items to be stricken as excessive, as provided by section 4206 of the Code.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.