(89 South. 614)

LONG et al. v. BROWN et al. (8 Div. 300.)

(Supreme Court of Alabama. June 2, 1921.)

**1. Homestead ⬄10—Exemption governed by the law in force at time the estate vests.**

The law in force at the time a homestead estate vests controls, and an estate created in 1902 or 1903 is governed by Code 1896, § 2071, regulating the interest of the wife and minor children in intestate's estate, and Code 1907, § 4198, though changed, does not govern, as the estate created is governed by the law at the time of intestate's death.

**2. Partition ⬄55(2)—Averments in bill as to value of homestead held insufficient.**

Bill for partition of a tract of land left by intestate 17 or 18 years before *held* insufficient, in that from averments in the bill the 160 acres in question was all intestate died seized of, and there was no allegation that at time of death of intestate it did not exceed $2,000 in value; Code 1896, § 2071, providing that widow and minor children take an abso-

---

lute estate if it does not exceed 160 acres or $2,000 in value.

**3. Homestead** ⬉152—**Value of exemption computed at time of death of intestate.**

Under Code 1896, § 2071, providing that widow and minor children take an absolute estate in homestead of 160 acres where value does not exceed $2,000, the value must be computed at time of death of husband and father.

Appeal from Circuit Court, Morgan County; Robt. C. Brickell, Judge.

Bill by R. S. Long and others against Malinda Brown and others for the sale of land for division. From a decree sustaining demurrers to the bill, complainants appeal. Affirmed.

The bill alleges that S. W. Long died about 17 or 18 years ago, that he was the father of all the complainants and of the two infant respondents, and the husband of Malinda Brown, and that he died seized and possessed of 160 acres of land in Morgan county, Ala.; that he died intestate, and the administration on his estate has long been closed, and there are now no debts or liabilities existing against his estate and the lands in question; that the lands are far in excess of $2,000 in value and that Malinda Brown was left as the widow of said Long, and whose name was then Malinda Long, has since intermarried with Bert Brown, and that he and she are now occupying, and have for a long time occupied, the dwelling house situated with its appurtenances on the land in question, and that the same is situated on the S. W. 40 of said tract, which is well worth the sum of $2,000. The bill further alleges that no dower has been allotted to said widow, and she has presumed to control the entire 160 acres of land, has sold a considerable amount of timber from the same, the persons, dates, and amounts being unknown to the complainant, and that a discovery is necessary to ascertain this and the waste committed by Malinda Brown on the said premises; that the estate has never been declared insolvent, and Malinda Brown has dominated the entire 160 acres since that time simply by the acquiescence of the complainant, and that, with the exception of Malinda and Bert Brown, each of the parties to the bill is entitled to an undivided one-ninth interest in the lands or their proceeds less any amount that the said Malinda Brown and the infant defendant may be entitled to as a homestead and less any amount or quantity that Malinda Brown may be entitled to as dower. The land is fully described. The demurrers sustained by the court raised the question that the bill nowhere alleges that the 160 acres so occupied and claimed as a homestead was worth more than $2,000 at the time of the death of the said S. W. Long, although it is admitted in the bill that his death occurred some 17 or 18 years prior to the filing of the bill.

E. W. Godbey, of Decatur, for appellants.

Counsel insist in argument that sections 4208–4210 and 4219, Code 1907, clearly contemplate valuations according to prices prevalent at the date of the proceedings, and that to award this ex-widow, now remarried, homestead rights, would be to award a multiplicitous widow as many homesteads as she may have had successive dynasties of lived spouses, but he cites no authority.

C. L. Price, of Albany, for appellees.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J. [1-3] The bill of complaint shows that the husband and father died in 1902 or 1903; therefore the homestead exemption was controlled by the Code of 1896. McDuffie v. Morrisette, 184 Ala. 360, 63 South. 542. From aught that appears from the averments of the bill the 160 acres in question was all the real estate owned by the husband Long at the time of his death, and that it did not exceed $2,000 in value. This being the case, the widow and minor children took the absolute estate under section 2071 of the Code of 1896, whether the same had or had not been set apart. Faircloth v. Carroll, 137 Ala. 243, 34 South. 182. The bill does aver that at the time of filing same the land is worth more than $2,000, but it does not aver that it was worth more at the time of the death of the husband. The test is whether or not all of the land left exceeded the homestead exemption, and in ascertaining this fact the value should be considered as of the time of his death and not based upon an enhanced valuation 17 or 18 years thereafter and which could be due, in whole or in part, to the thrift and industry of the widow and minor children. In other words, to yield to the appellants' contention would lead to the conclusion that notwithstanding the real estate left by the decedent did not exceed the exemption in area or value, and therefore under the law vested absolutely in the widow and minor children, it could be divested by a subsequent enhancement in value many years thereafter. This is not the law, and the test is: What was the land worth when the husband died, and not 17 or 18 years later?

True, section 2071 of the Code of 1896 has undergone a change as brought over as section 4198 of the Code of 1907, but said change can have no application to this case, which is governed by the law as it existed when the husband died.

The circuit court did not err in sustaining

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the respondents' demurrer to the bill of complaint, and its decree is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.