(128 So. 606)

## WALLER v. HARRIS.
### 2 Div. 950.

Supreme Court of Alabama.

May 29, 1930.

Arthur M. Pitts, of Selma, for appellant.

W. Emmett Perry, of Birmingham, for appellee.

THOMAS, J.

■ Contest of homestead exemptions set apart to the widow of deceased.

The administrator of one of decedent's children was a party in interest, and may except, appeal, and assign errors.

■ The petition shows that decedent husband resided in this state at the time of his death, which is the statutory prerequisite to give the right of homestead to his widow and minor children, if there are such children. Lucky v. Roberts, 211 Ala. 578, 100 So. 878; Curry v. Barnes, 200 Ala. 256, 76 So. 22; Beck v. Karr, 209 Ala. 199, 95 So. 881.

There was a bill of exceptions, and several rulings on evidence are assigned as errors.

■ The witness Jamieson for contestant-appellant had testified that he knew the lands in question; that they adjoined his lands, and they would "have brought around $60.00 to $65.00 per acre on the day" of decedent's death "at a forced sale"; that the "actual value" or market value with a ready purchaser and a ready seller would have been not over $65.00"; that he "would have paid that amount, $65.00 per acre, for that land August 28th, 1925. It adjoins my property." Witness was then asked: "Don't you think $50.00 would have been a good price for it?" To which he answered: "I would have been willing to pay more than $50.00. *No piece of land is worth more* than a man would pay for it."

The "counsel for proponents thereupon moved the court to exclude the testimony of this witness from the evidence on the grounds that his testimony was based on what the witness would pay for it.

"The Court thereupon stated: 'I will exclude that part of the witness's testimony as to what he would have paid for the lands in question'; and to this the contestant did then and there duly and legally except."

That was not a test of its market value. In this ruling there was no error. Dean v. County Board of Education, 210 Ala. 356, 97 So. 741; National Surety Co. v. Citizens' Light, Heat & Power Co., 201 Ala. 456, 78 So. 834; Alabama Consolidated Coal & Iron Co. v. Turner, 145 Ala. 639, 39 So. 603, 117 Am. St. Rep. 61; Tennessee Coal, Iron & Railroad Co. v. State, 141 Ala. 103, 37 So. 433; Ladd v. Ladd, 121 Ala. 583, 25 So. 627; 13 Enc. of Ev. 449–451.

■■ The witness Dunnivant, for contestant, having testified that these lands were 70 to 80 acres, in different plots; that they were as good as the lands nearby that belong to the Wallers, the proponents offered Mr. Livingston, who testified that he knew these lands and their market value at the time in question. The witness was then asked: "Tell the Court what you think the value would be." Without objection, he replied: "About $40.00 per acre. I would like to explain myself on that. I am 73 years old. I never was on the witness stand before in my life. I am liable to make some mistakes. I may go wrong. I don't know. I never had

a case in Court in my life and I never sued anybody and never have been sued. I have been a public man for 50 years. I would like to say that people around here know that land between here and Hatch's which is now owned by the Waller Brothers is more valuable land than it is beyond there. There is a place out there between here and Hatch's which has been offered for sale. It is red table land. It has been offered for sale at least several years at $50.00 per acre. He can't sell it for that price. He has not been able to do it yet. I consider $40.00 an acre is a fair valuation for Mrs. Harris's land at Melton, which is not really red table land. It is gray, sandy, land, and is not as stiff as that at Hatch's." We do not find reversible error in the action of the court in declining to exclude from the evidence this answer. We would not reverse for such statements of the witness as: "I am 73 years old"; "I never was on the witness stand before in my life"; "I am liable to make some mistakes"; "I never had a case in court in my life and I never sued anybody and never have been sued"; and "I have been a public man for 50 years." The trior of fact had the right to know what manner of man the witness was, and he had so volunteered.

The location and value of the lands in question, as related to those of the Wallers, were competent, and were subject-matter of cross-examination; and the answer taken in connection with witness' (Charles E. Waller, Jr.) statement that he owned some land in that neighborhood, and he thought he knew the value of that property (the Harris lands) as of August, 1925, date of the death of O. W. Harris, Sr., sufficiently indicated that the witness spoke of relative market values as of the date of the death of the widow's husband, and not that of the trial. And the witness concluded by saying: "I have already told you that the value of that property in August 1925 was $40.00 per acre."

The expressions that "There is a place out there between here and Hatch's which has been offered for sale * * * at least several years at $50.00 per acre. He can't sell it for that price," and "It is red table land," were evidences of value, character, location, and failure of market price for a greater value, and were competent as shedding light upon the market value at the time of the death of Mr. Harris. Taylor v. Taylor, ante, p. 74, 127 So. 503.

We cannot say the preponderance of the evidence shows the lands set apart to the widow, excluding the farm loan mortgage, were in excess of $2,000. Franklin v. Comer, 170 Ala. 229, 54 So. 430; Brock Candy Co. v. Elson, 211 Ala. 244, 100 So. 94; §§ 7918, 7949, Code. And the court had jurisdiction to proceed to judgment as it did. Quick

v. McDonald, 214 Ala. 587, 108 So. 529. The evidence supports the judgment, and it is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.