140 So. 603

## FOOTE v. FOOTE et al.

### 8 Div. 207.

Supreme Court of Alabama.
March 24, 1932.

E. W. Godbey, of Decatur, for appellant.

J. N. Powell, of Hartselle, for appellees.

140 So. 606

**SULLIVAN v. MILLER.**

8 Div. 383.

Supreme Court of Alabama.

March 24, 1932.

BROWN, J.

An appeal is authorized by the statute from the decree of the probate court sustaining or overruling exceptions to the report of commissioners setting apart exemptions to the widow of a decedent in the course of administration of an estate. Code 1923, § 7939; Waller v. Harris, 221 Ala. 313, 128 So. 606.

The court sustained the exceptions in this case, and the widow has appealed, and contends that the report of the commissioners, made after a view of the premises, should have the same effect as the report of a register in chancery on reference after hearing evidence ore tenus; that is, the same weight as the verdict of a jury, and should not be disturbed, unless the conclusions are contrary to the great weight of the evidence. The report of the register, as a general rule, is made after full hearing of both parties on contested issues of fact, while the report of the commissioners is ex parte. True, they have the advantage of viewing the premises and making their report under oath, but its effect on a hearing of exceptions thereto is to put the burden of proof on the exceptor to overcome the conclusion of fact stated by clear and convincing evidence. Code 1923, § 7935; Waller v. Harris, supra; 24 C. J. 263, § 844.

The single issue tried was whether or not the property set apart as a homestead, as exempt to the widow from administration, exceeded $2,000 in value. While the testimony was given ore tenus and the trial judge had the advantage of observing the witnesses, after due consideration it appears to us that the great preponderance of the evidence goes to sustain the conclusion of the commissioners that the value of the property did not exceed $2,000, and that the appellees failed to meet and sustain the burden of proof resting upon them.

The decree of the probate court therefore will be reversed, and a decree here entered denying the exceptions, and the cause will be remanded for such further orders as may be necessary to confirm the appellant's right to the homestead and other exemptions.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.