### GRAY v. WEATHERFORD.

#### 8 Div. 454.

Supreme Court of Alabama.

Oct. 5, 1933.

J. G. Rankin, of Athens, for appellee.

R. B. Patton, of Athens, for appellant.

BOULDIN, Justice.

The widow's homestead right is unaffected by the will of the husband. It is a favored right created by law, not subject to the husband's will. Notwithstanding the will undertakes to dispose of the entire estate, and to make such provision for the wife as may appear just and fair, still, under the long-established construction of our statutes, the widow, without any dissent from the will, is entitled to homestead as if no will was made. Richter v. Richter, 180 Ala. 218, 60 So. 880; Chamboredon v. Fayet, 176 Ala. 211, 57 So. 845; Edmonds v. Cogsdill, 182 Ala. 313, 62 So. 691; Williams v. Massie, 212 Ala. 389, 102 So. 611; Crownover v. Crownover, 216 Ala. 286, 113 So. 42.

The wife, on the other hand, by constitutional provision may devise her estate as if she were sole, at least as against her husband. Constitution of 1901, § 209; Williams v. Massie, 212 Ala. 389, 102 So. 611.

While the rule stated as to the will of the husband may, in special cases, work injustice, besides denying to the husband the same power of disposition of his estate which his wife has, the remedy is with the Legislature, not the courts.

We observe that Code § 7944, new to the Code of 1923, provides: "Where a homestead right exists in property devised by will, the person or persons to whom said property is devised may clear the said property of such homestead right by paying to the personal representative in lieu of such right, the sum of two thousand dollars. Said sum shall be held and used by such personal representative in all respects as provided in section 7943 (4220) of the Code," which section looks to reinvestment in another home.

This provision somewhat modifies the rule that the widow's homestead is wholly unaffected by a will; but at the same time it is a legislative recognition of the former rule, and conserves such homestead right through reinvestment, etc.

[2] The jurisidction of the probate court to allot homestead and personal exemptions is incident to its jurisdiction over the administration of the estate.

On filing of an inventory, required to be returned within two months after the grant of letters (Code, § 5807), the law requires the court to appoint appraisers, etc. Code, § 5806.

On appointing appraisers, the court shall issue a commission to them, directing them to set apart the personal exemptions. Code, §§ 7927, 7928.

The appraisers shall at the same time appraise the homestead occupied by decedent at the time of his death and report the appraised value with a full and accurate description. Code, § 7929.

When the appraisal shows the homestead does not exceed in area or value the homestead exempted by law, a day is set for hearing, and notice given for exceptions. Code, § 7934. If no exceptions are filed, the court by decree confirms the report and allows the exemptions as reported. Code, § 7941.

If exceptions are filed, a day for hearing is set (Code, §§ 7933, 7940) at which the court shall confirm or set aside the report. Code, § 7935.

All this procedure is on the initiative of the court by virtue of above-cited statute. No application for homestead is required, except where this procedure is ineffective to set aside the homestead, such as cases defined by Code,

§§ 7931, 7932, and 7948. Evans v. Evans, 213 Ala. 265, 104 So. 515.

The homestead was duly allotted to the widow under the above procedure. There was no want of jurisdiction for want of an application, nor for failure to dissent from the will, if, as claimed by appellant, the dissent was filed too late.

That the court did not appoint appraisers until this dissent was filed, and recited that the widow had filed her dissent, on the assumption, maybe, that such was necessary, in no way affected the court's jurisdiction. Such recital was mere surplusage.

Exception was also taken to the valuation of the homestead, a house and lot in the city of Athens, appraised at $1,900. The exception charges the property is reasonably worth $3,500.

Pending exceptions the administration of the estate was removed to the circuit court in equity where the issue was heard on the oral testimony of witnesses before the court.

Argument is presented on whether the value at the date of the death of decedent, April 17, 1931, or at the date of the appraisal, June 3, 1932, should govern.

Evidence was presented as to the value of the homestead property on each of said dates. Some evidence tended to show a decline in general market prices between the dates named, which affected the market value of this property. The appraisers reported the value as of the date of decedent's death.

We are referred to Blankenbeck v. Foster, 206 Ala. 85, 89 So. 171, holding that on appraisal of personal property for the allotment of exemptions, the value should be fixed as of the date of appraisal. We need not here consider that case. Whether in any case, and, if so, in what cases such rule should be applied to appraisal of the homestead under our several statutes, we deem unnecessary to here decide. Generally, the law of exemptions takes effect as of the death of decedent. Long v. Brown, 206 Ala. 154, 89 So. 614.

There is no contention that the property had enhanced in value. The report of the appraisers as to its value at the death of decedent is prima facie correct. The burden is on contestant as to the question of value. Code, § 7935; Foote v. Foote, 224 Ala. 394, 140 So. 603.

There is an additional presumption in favor of the finding of the trial judge who saw and heard the witnesses. In view of such presumption we find no sufficient reason to reverse the decree sustaining the report of the appraisers.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.