165 So. 105

**BANK OF COLUMBIA et al. v. McELROY et al.**

**4 Div. 840.**

Supreme Court of Alabama.

Dec. 19, 1935.

Rehearing Denied Jan. 23, 1936.

Lawrence Oakley, of Dothan, for appellants.

L. A. Farmer, of Dothan, for appellees.

BROWN, Justice.

The complainants, appellees here, alleging that they are joint owners and tenants in common with some of the defendants, of the lands in controversy, stating the nature and extent of their respective interests, that the other defendants, the appellants here, claim to own some right, title, or interest in and to the property, filed the bill in this cause seeking to have the rights and interest of appellants determined, and a sale of the lands for division.

The appellants incorporated, in their answer to the bill as amended, several grounds of demurrer questioning its equity and sufficiency. The demurrers were overruled, and on submission for final decree the complainants were granted relief. This appeal is from that decree.

There is nothing in the averments of the bill showing that the complainants are guilty of laches, nor that they are estopped from seeking a sale of the lands so jointly owned for division among the joint owners, and having the rights of the appellants adjudicated and determined. Walshe v. Dwight Mfg. Co., 178 Ala. 310, 59 So. 630; Woods et al. v. Wright, 223 Ala. 173, 134 So. 865; Richter v. Noll et al., 128 Ala. 198, 30 So. 740.

The bill was not without equity (Code 1923, § 9334; Clark et al. v. Whitfield, 213 Ala. 441, 105 So. 200; Stokes et al. v. Stokes et al., 212 Ala. 190, 101 So. 885; Wood et al. v. Barnett, 208 Ala. 295, 94 So. 338); nor is there anything appearing on the face of the bill that suggests that there is anything that complainants should do or offer to do, as a matter of equity, prerequisite to their right to have relief. Davis et al. v. Anderson, 218 Ala. 557, 119 So. 670; Brasher et al. v. Grayson, 217 Ala. 674, 117 So. 301; Cortner et al. v. Anderson, Clayton & Co. et al., 225 Ala. 575, 144 So. 443. The demurrers, therefore, were overruled without error.

The averments of the answer, relied on as the basis of the appellants' defenses of estoppel and laches, are, to state their substance, that Ernest Grice, who died August 3, 1924, was, up to the time of his death,

456

seized and possessed of the lands in controversy; that his widow, Donie Grice, by a proceeding in the probate court of Houston county, commenced on May 27, 1929, of which the complainants and the other heirs of Ernest Grice had notice, had the lands set aside as exempt to her from administration and the payment of the debts of Grice's estate, vesting in her, as the widow, the full title thereto; that thereafter the appellant Morris purchased a part of said tract from said Donie Grice, for and in consideration of the payment to her of the sum of $500, and on September 10, 1930, said Donie Grice executed to said Morris a deed, which was entered of record in the probate office of Houston county on September 12, 1930, and said Morris has been in possession since his purchase; that said Donie Grice and Coleman Grice, her only child and heir at law, on December 18, 1928, executed a mortgage to the appellant Bank of Columbia, to secure an indebtedness of $191.75, which was filed for record and recorded on December 22, 1928, and on January 22, 1931, said Donie Grice and Coleman Grice executed to the said Bank of Columbia a mortgage for $330.13, which was also filed for record; that on January 24, 1934, said Donie Grice and Coleman Grice executed another mortgage for a consideration of $800, which was likewise filed for record and recorded in the appropriate office; that Donie Grice died intestate on, to wit, March 16, 1934, leaving as her only heir at law said Coleman Grice; that complainants "have waited ten years since the death of Ernest Grice, and have had knowledge for the past, to wit, 4½ years that Donie Grice claims full title to said lands, and that she was selling and executing mortgage(s) to strangers for valuable consideration."

▮ If, as alleged in the answer, the proceedings in the probate court were efficacious to vest in Donie Grice, the widow of Ernest Grice, deceased, the absolute title to the property, the facts pleaded would constitute a complete estoppel against the heirs of said Ernest Grice, deceased, to assert title to the property. But the difficulty with appellants' insistence is that when these averments are taken in connection with the proceedings in the probate court of Houston county, attached as exhibit to the answer, it conclusively appears that the jurisdiction of that court was not quickened into exercise by the filing of a petition alleging that the property which the said Donie Grice sought to have set apart as exempt to her from administration and the payment of debts *was all the real estate owned by the said Ernest Grice at the time of his death.* Such averment, under the law as settled, was one of the essential jurisdictional averments in such proceeding. Alford et al. v. Claborne et al., 229 Ala. 401, 157 So. 226; Miller et al. v. Thompson et al., 209 Ala. 469, 96 So. 481; Miller et al. v. First National Bank et al., 194 Ala. 477, 69 So. 916.

The court's jurisdiction not having been quickened into exercise in the mode provided by statute, its proceedings and judgments were void, and cannot be looked to to supply the omitted, essential jurisdictional averment. Alford et al. v. Claborne et al., supra; Wiley v. State, 117 Ala. 158, 23 So. 690.

▮ The exemption proceedings in the probate court are not aided by section 9579 of the Code 1923, which declares that: "Courts of probate shall have original and general jurisdiction as to all matters and things *mentioned* in this section of the Code, and shall have original and general jurisdiction as to all other matters which may be conferred upon them by statute, unless the statute so conferring jurisdiction expressly makes the jurisdiction special or limited," etc. (Italics supplied.)

Setting aside property as exempt from administration and the payment of debts is not one of the "matters" mentioned in the statute. The specific provisions of section 7948, requiring the application to state the facts enumerated by the statute, necessarily characterize the jurisdiction conferred as statutory and limited. Alford et al. v. Claborne et al., supra; Fowler v. Fowler et al., 219 Ala. 453, 122 So. 440.

The appellants further insist, when sections 7948, 7949, 7950 and 7951 are considered together, the fact that the property involved and sought to be set apart as exempt is all the property owned by the decedent at the time of his death is not an essential jurisdictional fact which the application must state. The basis of this argument is the proviso written into section 4227 of the Code of 1907, by the Code Commissioner, and brought forward in section 7951 of the Code of 1923: "But if it be determined by the court that the decedent owned and left at his death more property *than was thus set aside,* or more than was exempt by law to the widow and minors, the title to the property shall vest

in the widow and minors, share and share alike, but only during the life of the widow and the minority of the children." (Italics supplied.)

On first blush this argument appears at least plausible, but when the above-mentioned sections are read in connection with all the other provisions of articles 3 and 4 of chapter 292 of the Code of 1923, embracing section 7918 to section 7959, the legislative intent is clear that but one proceeding was contemplated to effect the setting aside of property as exempt to the widow of a decedent, or widow and minor child or children. If the jurisdiction of the probate court is quickened into exercise by an administration proceeding upon the estate of the decedent, the court has the power and authority to set apart the exemptions to the widow and minor children, and if the property does not exceed in value and amount the exemptions allowed by law, the court may so determine and vest the title absolutely in the exemptioners. If it does exceed in amount and value the exemptions allowed in favor of the widow, or widow and minor child or children, the title vests in the widow and minor children during the life of the widow and the minority of the children. Code 1923, §§ 7918–7920. If the court's jurisdiction is not invoked by an administration on the estate within sixty days from the death of decedent, section 7948 authorizes a proceeding without such administration of the estate; but the court's jurisdiction must be quickened into exercise by an application setting forth the facts required by the statute, and if on the hearing of the application the facts alleged are sustained by the proof, the court is authorized to set apart the exemptions and vest the absolute title in the exemptioners. If on such hearing, the court's jurisdiction having been thus quickened into exercise, it appears that the property exceeds in amount and value the exemptions allowed by law, the court has authority to set the exemptions aside and vest the title for the life of the widow and the minority of the minor child or children. This is the sole effect of section 7951, as revised. The provisions of the section of the Code conferring on the court jurisdiction to proceed in the absence of an administration were not affected.

The first change in the provisions of that statute (now section 7948) was by the Act of February 28, 1887 (Acts 1886–87, p. 112), changing its requirements for

the appointment of *two* instead of *three* commissioners. The title of the original Act of February 12, 1885 (Acts 1884–85, p. 114), and the act amendatory thereof, is: "To set apart to widows and minors property exempt from administration and debts under the laws of Alabama, *without any administration thereon.*" The only other change was a revision by the Legislative Code Committee inserting the words, "as well as the names, condition, and residence, if known of the heirs of the decedent, other than the minor children of the decedent," immediately after the requirement that the application must be "verified by oath and *setting forth* such facts"; that is, that "the property, real and personal, owned by a decedent at the time of his death, does not exceed in amount and value the exemption allowed in favor of his widow and minor child or children, or either, and no administration is granted on his estate within sixty days after his death." (Italics supplied.) The averments thus required have been consistently held to be jurisdictional since Brooks v. Johns, Adm'r, 119 Ala. 412, 24 So. 345, and the repeated recodification of this statute and its readoption without change, other than those noted, clearly indicate a legislative purpose to confirm that interpretation. Barnewall v. Murrell, 108 Ala. 366, 18 So. 831.

The proceeding in the probate court carried on its face conclusive evidence of its invalidity, warning all persons dealing with the widow in respect to the title. No duty rested upon the remaindermen in whom the title in fee, subject to the quarantine and homestead rights of the widow, vested, to move or warn third persons of the infirmity of the widow's title.

Under these circumstances mere silence and inactivity on the part of the remaindermen did not estop them from asserting their rights, when the rights of the widow to exclusive possession under her homestead and quarantine rights terminated at her death. 10 R.C.L. p. 692, § 10; p. 770, § 87; Winters v. Powell et al., 180 Ala. 425, 61 So. 96.

The widow was entitled to at least a life estate, and section 7437, Code 1923, conferred on her the quarantine rights of possession and enjoyment until her dower was assigned. She was, therefore, in the circumstances shown by the evidence entitled to the exclusive possession and enjoyment of the homestead, of which her

husband died seized and possessed, until her dower and homestead rights were adjudicated and set apart; and in the absence of facts showing that she openly asserted a hostile title, her possession was not adverse to the remaindermen. Robinson v. Allison, 97 Ala. 596, 12 So. 382, 604.

So, if it be assumed that the void proceeding in the probate court, followed by a decree also void for want of jurisdiction, might be color of title, and when coupled with open, hostile, adverse possession for ten years or more, might ripen into title, this can avail appellants nothing, for, at best, the widow's possession on such basis continued for only four and one-half years before the bill was filed. Davis v. Harris et al., 211 Ala. 679, 101 So. 458; Prowell v. Wilson, 219 Ala. 645, 123 So. 38.

The conclusion and decree of the circuit court seems to be in accord with the foregoing views. No error appearing in the record and proceedings, the decree will be affirmed.

Affirmed.

THOMAS, BOULDIN, and KNIGHT, JJ., concur.