172 So. 688

## SIMS et al. v. KITCHENS.

### 8 Div. 741.

Supreme Court of Alabama.

Feb. 18, 1937.

Chas. H. Eyster and W. F. Boswell, Jr., both of Decatur, for appellants.

R. L. Almon, of Moulton, for appellee.

GARDNER, Justice.

W. C. Kitchens died intestate in Lawrence county, Ala., on March 15, 1931, leaving a widow and no children. His real estate consisted of 130 acres of land upon which he and his wife resided as a homestead, and his personalty was far less than $1,000.

In March, 1936, his widow, M. E. Kitchens, filed in the probate court her petition, containing all jurisdictional averments, to have the real estate set aside to her under sections 7948–7951, Code 1923, as the homestead of her deceased husband. Contestants, next of kin to decedent, interposed objections and exceptions to the report of the commissioners fixing the value of the homestead at $1,950, insisting the property exceeded in value $2,000, and offered evidence upon the trial in support thereof. Upon due hearing, the exceptions were overruled and the report confirmed.

The trial court was of the opinion, and so ruled, that the question of valuation was to be confined to the time of the death of decedent, and this is the sole question of law here presented.

Appellants' counsel submit an ingenious and forcible argument to the effect that the language of the statute (section 7948, Code) is properly to be interpreted as meaning a valuation at the time of the appraisal. But we think the trend of our decisions has been to the contrary, and confined the matter of valuation to the date of decedent's death.

The case of Long v. Brown, 206 Ala. 154, 89 So. 614, dealt with homestead exemptions under section 2071, Code of 1896, and the holding was that the valuation was of the date of decedent's death. No judicial ascertainment under the facts there disclosed was essential under the law there applicable. But this statute was subsequently amended as shown by section 4198, Code of 1907, and carried forward in the same form into the Code of 1923 as section 7920.

As thus amended, judicial determination is essential to vest the absolute title as against other heirs of decedent. But as to creditors of decedent, the title to the homestead will be presumed to be absolute until it is judicially determined that it is not all of the real estate left by decedent, and that it is of greater value than $2,000. The purpose of the change was to prescribe some formal proceedings to establish the area and value of the exemptions as against other heirs for their protection, and to the end they be given an opportunity to be heard on a question in which they were so greatly interested. As to creditors, the title remained as it was under the case of Long v. Brown, supra.

The lawmaking body has not indicated any change in the rule of this latter authority, or that of Faircloth v. Carroll, 137 Ala. 243, 34 So. 182, therein cited, as to the time of the valuation upon the death of decedent. And it is significant that no such legislation has been enacted, and no such change proposed.

Reference to the changed statute found in Long v. Brown, supra, gave no indication of any change in reference to time as to valuation, but clearly referred to the matter of judicial ascertainment which was inapplicable to that case. Our subsequent decisions appear to have assumed that the rule of Long v. Brown, supra, as to time of valuation was still in force and to be applied. Perhaps the clearest of such an indication is Waller v. Harris, 221 Ala. 313, 128 So. 606, with particular reference to the testimony of the witness Dunnivant. And we think it was so assumed in Williams v. Overcast, 229 Ala. 119, 155 So. 543. And in the recent case of Gray v. Weatherford, 227 Ala. 324, 149 So. 819, 820, where reference is made to Blankenbeck v. Foster, 206 Ala. 85, 89 So. 171, dealing with the appraisal of personalty under what is now section 7928, Code 1923, the opinion indicates a disinclination to extend the holding to homesteads, with the concluding statement, "Generally, the law of exemptions takes effect as of the death of decedent," citing Long v. Brown, 206 Ala. 154, 89 So. 614. See, also, Ticer v. Holesapple, 226 Ala. 271, 146 So. 614.

In Wright v. Fannin, 229 Ala. 278, 156 So. 849, 851, the opinion, speaking of a decree setting aside homestead exemptions, uses this language: "It is to be governed by the law of force at the time of the husband's death, as affecting the nature and extent and value of the lands as a homestead."

These authorities are noted as indicating the judicial thought as to the proper interpretation of our statute. And we think both the bench and bar have assumed

**486**

that the rule of Long v. Brown, supra, is still applicable and is unaffected by any change in the statute.

Clear enough that rule, under section 7920, Code 1923, is still applicable so far as creditors of decedent are concerned, and so important a matter is not to be left to determination upon the sole question of what parties are affected.

The conclusion that the time of the death of decedent is the date for fixation of value is somewhat strengthened by consideration of section 7956, Code of 1923, wherein that date is fixed for determination of the interest of a child, a minor at the death of decedent, but over twenty-one at the time of allotment. But we need pursue the discussion no further.

We think the trial court followed the rule of procedure here at least inferentially approved in a number of our cases, and one which we are persuaded harmonizes with the legislative intent, and with the proper construction of our statute. It is not seriously contended that in any other respect the decree is erroneous.

It results that the decree is here due to be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.