189 So. 878

**HARDY et al. v. MORGAN.**

**7 Div. 567.**

Supreme Court of Alabama.

June 8, 1939.

Rehearing Denied June 29, 1939.

Savage & Savage, of Centre, for appellants.

Irby A. Keener and Reed & Reed, all of Centre, for appellee.

252

KNIGHT, Justice.

This cause comes before us on appeal from a decree of the Probate Court of Cherokee County, under the provisions of Section 7939 of the Code.

The appellee is the widow of George W. Morgan, deceased, and as such widow she filed her application in the Probate Court of Cherokee County—the county of the residence of the decedent at the time of his death—for the appointment of commissioners to inventory and appraise the personal and real property of the decedent and to set apart to her as such widow her exemptions therein. This petition was filed under the provisions of Sections 7948 et seq. of the Code, and its averments were sufficient to quicken into exercise the jurisdiction of the probate court conferred by said Section 7948 of the Code. That is to say, the petition avers that the said George W. Morgan departed this life in Cherokee County, Alabama, on or about June 17, 1938, leaving petitioner as his surviving widow; that he left no minor children surviving him; that the property, real and personal, owned by the decedent at the time of his death did not exceed in amount and value the exemptions allowed by law in favor of his widow and minor children, and that there had been no administration upon his estate. The petition also gives the names, ages and place of residence of the heirs, and avers that all of them are over the age of twenty-one years. This petition was filed on the 26th day of October, 1938, being more than sixty days after the death of the said George W. Morgan, and was duly verified by oath of the applicant.

On the filing of the petition the court appointed two commissioners to make inventory and appraisement of the real and personal property of decedent.

The commissioners appointed made their report to the court on October 28, 1938. As regards the real property this report recites:

"We also report that we have set off and allotted the following property, which was the homestead of the decedent, towit:

"The north half of the Northwest Quarter of Section 15, and the Southeast Quarter of the Southwest Quarter of Section 10, all in Township 11, South of Range 10, East, which said property contains 120 acres, and valued as a whole at $1800.00 Dollars, and which said property was encumbered by a mortgage to the Federal Land Bank of New Orleans, in the sum of $624.00, and which said mortgage was made and lien created prior to the death of the said George W. Morgan, deceased, and which said lands hereinabove described constituted all the lands owned by the said George W. Morgan at the time of his death.

"We further report that we have set off and allotted all the above described lands to Carrie Morgan, the widow of George W. Morgan, deceased, there being no minor children, and said lands being less than 160 acres in area and less than $2000.00 in value; and being all the lands owned by the said George W. Morgan at the time of his death.

"All of which is respectfully submitted."

This report was set down for hearing on November 30th, 1938. Due notice of the filing of this report, and of the day set for hearing the same, was given the heirs at law and next of kin of the decedent. Exceptions were duly filed by the heirs at law to said report upon a number of grounds, and among the grounds was one taking the point that "The lands described are of value far in excess of the homestead allowance provided by law." Also, "For that the lands described are worth more than Four Thousand Dollars and far in excess of the exemptions allowed for a homestead."

On the day fixed for hearing of the exceptions an issue was made up under the direction of the court, much evidence was offered by the parties touching the value of the lands.

The court, at the conclusion of the hearing, overruled and disallowed the exceptions of the plaintiffs—heirs—and confirmed the report of the commissioners. The decree entered in the cause recites, inter alia: "The Court * * * finds that the lands so set apart and allotted to Carry Morgan, as the widow of the said George W. Morgan, deceased, as a homestead constituted all the lands owned by decedent at the time of his death and was less in area than 160 acres, there being only 120 acres of the same, and that it was of less value than $2,000.00, over and above the lien and encumbrance of the Land

Bank Commissioner, which is the sum of $624.00, which said lien and encumbrance was created prior to the death of the decedent." Then follows order or decree adjudging that said lands (which were fully described) are allotted and set apart to Mrs. Morgan as a homestead and that title thereto is vested in her in fee simple.

Section 7935 of the Code provides that on the day fixed for the hearing of exceptions to reports of commissioners to set apart exemptions, an issue shall be made up under the direction of the court, and the same shall be tried as other issues in the court are tried, the party excepting being the plaintiff, on whom shall rest the burden of proof. And this statute, casting the burden of proof upon the exceptor, was given application in the case of Foote v. Foote, 224 Ala. 394, 140 So. 603.

█ In the case of Gray v. Weatherford, 227 Ala. 324, 149 So. 819, 820, we held that the report of the appraisers as to value is prima facie correct, and that the burden was on the contestant as to "the question of value." And, too, as pointed out in the Gray Case, supra, there is an additional presumption in favor of the finding of the trial judge who saw and heard the witnesses.

██ So, then, we have read and considered the evidence offered pro and con at the hearing on the exceptions of the heirs in the light of our decisions placing the burden of proof upon the exceptors. We have reached an entirely different conclusion on the evidence from that of the trial court. The evidence, in our opinion, leaves no room to doubt that the real property allotted to Mrs. Morgan as homestead exemptions had at the time of the death of the husband, as well as the time of the appraisal made by the commissioners, a value far in excess of $2,000, valuing the same at only the excess of its value over and above the amount of the admitted lien thereon.

For this reason, we feel constrained to reverse the judgment of the probate court, and to sustain the exceptions filed by the appellants to the report of the commissioners. Accordingly, the decree of the probate court will be reversed, and a decree here entered sustaining the exceptions of appellees. The cause will be remanded to the probate court to appoint commissioners, pursuant to the provisions of Sections 7950 and 7937 of the Code, to set aside and allot to the appellee so much of said real property, including the dwelling, as will not exceed in value $2,000, valuing the same at only the excess of its value over and above the said incumbrance thereon. We hold such procedure is warranted under the provisions of Section 7951 of the Code, when construed in connection with Section 7919 of the Code. Bank of Columbia v. McElroy, 231 Ala. 454, 165 So. 105.

Reversed, rendered and remanded with directions.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.