33 So.2d 21

## TOLAR et al. v. CLEMONS et al.

### 4 Div. 445–A, 445–B.

Supreme Court of Alabama.

Dec. 18, 1947.

Oscar L. Tompkins, of Dothan, for appellants.

J. N. Mullins, of Dothan, for appellees.

LAWSON, Justice.

Walter E. Clemons died intestate on September 27, 1946. At the time of his death he was a resident of Houston County, Alabama.

After letters of administration were granted to the widow, Mrs. Ruby L. Clemons, by the probate court of Houston County, the administration of said estate was removed to the circuit court of Houston County, in equity.

Appraisers were appointed to set apart personal property exempt to the widow and minor children. §§ 664, 665, 671, Title 7, Code 1940. Such appraisers were also ordered to appraise the homestead of the deceased. § 672, Title 7, Code 1940.

The commissioners appointed made their report to the equity court of Houston County on November 9, 1946. As to the personal property of the decedent the appraisers reported that its value was less than $1000, placing a value thereon of $923.50. Such property the appraisers set apart and allotted as exempt to the widow and four minor children of decedent.

As regards the real property, the report of the appraisers recited:

"We further return herewith a full and accurate description of the lands occupied by the said Walter E. Clemons at the time of his death as a homestead, to-wit:

"NW¼ of SE¼ and NE¼ of SW¼ Section 13, Township 2, Range 28, Houston County, Alabama.

"Which said lands do not exceed in area 160 acres, but which do exceed in value more than $2,000.00; and we appraise the said land at $4,500.00."

On November 11, 1946, the circuit court of Houston County, in equity, in accordance with the provisions of § 673, Title 7, Code 1940, appointed three commissioners who were ordered "to set apart and allot as exempt the Homestead of said decedent, Walter E. Clemons, occupied by him at the time of his death or to which he was then entitled, not exceeding in area 160 acres and in value $2,000.00; with a full and accurate description of same, setting off and allotting by metes and bounds said Homestead, including the dwelling and appurtenances thereon to Ruth L. Clemons, Widow of Walter E. Clemons, deceased, who is over the age of 21 years, and to the

following named minor children of said Walter E. Clemons, deceased: * * *"

The commissioners on November 12, 1946, reported that they had set apart and allotted to the widow and minor children of deceased "the premises occupied as a home by said deceased at the time of his death, and described as follows, to-wit: E½ of NW¼ of SE¼, Section 13, Township 3, Range 28, Houston County, Alabama. We further appraise said premises at the value of Two Thousand Dollars."

Thereafter adult heirs of the deceased filed exceptions and objections to the report of the appraisers setting apart and allotting the personal property of decedent to the widow and minor children. By separate instrument the same parties filed exceptions and objections to the report of the commissioners setting apart and allotting homestead exemption out of the lands of the decedent. § 676, Title 7, Code 1940.

On the day finally fixed for the hearing of such exceptions issues were made up under the direction of the court. These matters were heard orally before the court. It was agreed that the evidence there given be considered by the court in connection with both contests.

The trial court after weighing and considering all the testimony rendered a decree denying the contest as to personal exemptions set aside to the widow and minor children. It was therein decreed that the reasonable cash market value of the said personal property did not exceed $1000. The report of the appraisers as to personal exemptions was confirmed and the personal property was set aside to the widow and minor children.

As regards the contest of the report of the commissioners setting apart and allotting homestead exemption, the trial court held that such contest should not prevail and it was denied. The report setting aside and allotting the homestead to the widow and minor children was confirmed. Under the decree so rendered such real property was set apart as exempt to the widow and minor children as a homestead for and during the life of the widow and minority of each of the minor children; however, a strip or parcel of said land which was specifically described was impressed with an easement or right of way for a road or passageway to the real estate of decedent lying immediately west of the said homestead.

The contestants, the adult heirs, have appealed from each of said decrees. Both appeals are presented in one transcript and have been consolidated here.

In brief of appellants filed in this court it is said: "Two questions are involved on this appeal, (1) the value of the personal property exemptions set aside to the widow and minor children by the appraisers, and (2) the value of the homestead set aside by the commissioners, who were the former appraisers, to the widow and minor children."

We have held that the report of the appraisers as to value is prima facie correct and places the burden of proof on the exceptor to overcome the conclusion of fact by clear and convincing evidence. Foote v. Foote, 224 Ala. 394, 140 So. 603; Long v. Doegg et al., 233 Ala. 637, 173 So. 41; Gray v. Weatherford, 227 Ala. 324, 149 So. 819; Hardy et al. v. Morgan, 238 Ala. 251, 189 So. 878.

As before indicated, the evidence was taken orally in open court when the parties and witnesses were present and testified. The personality of the parties, their bias, their demeanor, manner and reactions when confronted by opposing witnesses are great aids. Under such circumstances there is a presumption in favor of the finding of the trial judge. Gray v. Weatherford, supra; Hardy et al. v. Morgan, supra.

We have read and carefully considered the evidence offered pro and con at the hearing on the exceptions of the adult heirs. Needless to say there is conflict in the evidence as to the value of the personal property of decedent set aside to the widow and minor children as well as to the value of the twenty acres of land set aside as homestead. But after giving due weight to the presumptions above alluded to, we can find no sufficient reason to reverse the decrees from which the appeals here considered were taken.

The decrees of the lower court are therefore affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.