71 So.2d 811

**VANN et al. v. CARTER et al.**

**8 Div. 710.**

Supreme Court of Alabama.

March 18, 1954.

Rehearing Denied April 22, 1954.

P. W. Shumate, Guntersville, for appellants and cross-appellees Vann.

Gus May, intervener, pro se.

Marion Lusk, Guntersville, for appellees and cross-appellants.

MERRILL, Justice.

This appeal is from a decree ordering the sale of 110 acres of land for division among the joint owners, declaring the interest of the parties therein and granting complainants the relief prayed for, except a judgment against respondent Vann for the value of the timber cut by him from the lands. All parties agree that the lands involved were occupied by Mr. and Mrs. John Holley for over 35 years, and by Mrs. Holley for an additional 25 years.

The facts relating to the interests of the respective owners and the exact nature of John Holley's title are very involved, but for the purposes of this opinion need not be stated, because that part of the decree is not the subject of an assignment of error, except that appellant claims to be the sole owner and denies that complainants have any interest in the 110 acres.

The respondent and appellant Gurley Vann is the son of a deceased sister of Mary Holley and he went to live with Mrs. Holley when he was 7 years of age, staying in the Holley home until he was 21. In 1916 John Holley and wife Mary deeded 10 acres in the NE corner of their 120 acre homestead to Gurley Vann for his life with remainder to his two daughters. He built a house on this parcel and he and his family have resided there up to the time the bill was filed.

John Holley died intestate February 15, 1926, leaving Mary Holley, his widow, but no children. He did leave brothers, nieces and nephews, who are, or their descendants are, complainants here.

There was no administration on the estate of John Holley, but in May 1926 his widow filed her verified petition in the Probate Court of Marshall County declaring that the homestead, consisting of the 110 acres of land here involved, belonged to her deceased husband, and asking that it be set aside to her in fee simple. The petition failed to state that decedent owned no other lands in Alabama at the time of his death, but the omission of this jurisdictional averment was not then noted. In August 1926 the Probate Court issued a decree setting aside the homestead to Mary Holley absolutely. In September 1926 Mary Holley deeded the 110 acres to Gurley Vann, reserving the right to the use, profits, rents and management for her lifetime. The consideration expressed in the deed was "love and affection and looking after and caring for grantor." It is undisputed that Gurley Vann paid rents to Mrs. Holley for the use of the 110 acres, that she lived on the tract most of the time until the last nine months of her life which she spent at Gurley Vann's home and that her income consisted of her rents and a "welfare check." Mrs. Holley died in September 1951.

Complainants' bill was filed February 4, 1952. Appellant answered claiming to own the lands in fee simple under his deed from Mary Holley and that he had been in adverse possession of same since September 1926. By amendment to his answer he alleged that he had paid taxes on the lands each year since 1926 and that he was entitled to be reimbursed for the taxes, that he had spent large sums of money for the upkeep, comfort and well being of Mary Holley and that he was entitled to be reimbursed for those services, and he made his answer a cross-bill.

On January 12, 1952, Gurley Vann and wife borrowed $856.51 from a neighbor, Mr. Gus May, and executed a real estate mortgage on the 110 acres here involved and other lands to secure the debt. Mr. May intervened in the suit and joins respondents in the appeal.

If we understand appellant Vann's first assignment of error and argument thereon, the contention is that a resulting trust was created in favor of Mary Holley in the lands deeded to her husband John Holley. This proposition is not supported by the record and is without merit.

Assignments of error 3 and 4 complain that the court erred in finding that complainants or either of them had any interest in the 110 acres.

"It is manifest that one jurisdictional prerequisite is omitted from the allegations, which makes the proceeding void. That is,

the petition fails to negative the ownership of any other real estate by the decedent at his death." Walton v. Walton, 256 Ala. 236, 54 So.2d 498, 499. "Without the necessary jurisdictional averments in the petition, the court is 'without authority to proceed, (and) the subsequent findings and recitals in the decree could not supply the absence of averments essential to its right to proceed with the case.' Singo v. McGehee, 160 Ala. 245, 249, 250, 49 So. 290, 291." Carter v. Carter, 251 Ala. 598, 38 So.2d 557, 558. "Under these circumstances mere silence and inactivity on the part of the remaindermen did not estop them from asserting their rights, when the rights of the widow to exclusive possession under her homestead and quarantine rights terminated at her death." Bank of Columbia v. McElroy, 231 Ala. 454, 165 So. 105, 108. See also Alford v. Claborne, 229 Ala. 401, 157 So. 226, where the facts are very similar to the case at bar.

■ The proceedings to set aside the homestead being void, Mary Holley only had a life estate and that was all she could convey by her deed to Gurley Vann in 1926. Neither could Vann acquire title by adverse possession during Mrs. Holley's lifetime, because she was in the actual possession as the life tenant up until the last nine months of her life.

As we understand the argument of appellant under assignment of error 5, it is contended that John Holley was not the owner of the 110 acres but at least part of it was owned by Mary A. Holley in her own name. Not only is this claim unsupported by legal evidence, but the sworn statement of Mary Holley when she petitioned the probate court to set aside the 110 acres to her as John Holley's widow and the sworn statement of the commissioners who set off and allotted the homestead, declared the property to be the homestead of John Holley, deceased.

Assignment of error No. 2 is, "The court below erred in that part of its decree as follows 'And that the defendants claim for taxes on said lands paid and for services rendered to Mrs. Mary Holley, widow of John E. Holley, should not be allowed.'"

■ As for the claim for services, there was no administration of the estate of Mary Holley, no claim filed and no authority cited in support of the contention that the claim should or could be paid in these proceedings. The appellee cross assigned errors complaining that Gurley Vann owed $506.42 for timber sold off the lands and that his interest should have been charged with this amount. Mr. Vann had paid taxes on the lands since 1927, amounting to $485.55.

■ In adjusting the equities between the parties the court denied both the claim of Vann for reimbursement for part of the taxes and complainants' claim for their part of the proceeds from the sale of the timber. This does not amount to reversible error, because there is evidence in the record to support his findings, the applicable part of which was:

" * * * The Court is of the opinion that complainants are entitled to part of the relief prayed for in their amended bill; it appears to the Court that the Probate decree relied upon by the defendant Gurley Vann was and is void, and that the interest of said defendant Gurley Vann in the property limited to a one-six interest in and to the NE ¼ of SW ¼ of Section 5 Township 7, Range 2 East, known as the 'Bright Forty' but it further appears to the Court that Complainants' claim against said defendant Gurley Vann for timber cut from the lands should not be allowed, and that the claims of said defendant Gurley Vann for taxes paid and for services rendered to Mrs. Holley, widow of John E. Holley, should not be allowed; The Court is further of the opinion that the mortgage of the intervenor Gus May is a valid and subsisting lien against the aforesaid interest of said defendant Gurley Vann, after the payment of costs as hereinafter provided."

The intervenor, Mr. Gus May, appeared pro se both in the circuit court and in this court. If we correctly understand them, his assignments of error cover those matters insisted upon by appellants and have been hitherto discussed.

In affirming the decree we are confining ourselves strictly to those questions raised by the assignments and cross-assignments of error.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.